718 So.2d 1281 (1998)
Louis HOLLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01094.
District Court of Appeal of Florida, Second District.
October 16, 1998.
James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
*1282 CASANUEVA, Judge.
Following a conviction by a jury for possession of marijuana, Louis Holloway appeals the denial of his dispositive motion to suppress, contending that the search of his residence was improper. Because the method used to execute the search warrant was an improper no-knock search in violation of State v. Bamber, 630 So.2d 1048 (Fla.1994), and Craft v. State, 638 So.2d 1011 (Fla. 2d DCA 1994), we reverse Mr. Holloway's conviction.
A warrant was issued to search Mr. Holloway's residence for cocaine and United States currency. Neither the search warrant nor the supporting affidavit averred that Mr. Holloway possessed a firearm in the residence. In executing the search warrant, SWAT team officers knocked on the front door, announced "police with a search warrant," verified that the door was locked, then struck the door with a battering ram. The officers forced open the door, entered the home, searched it, and arrested Mr. Holloway after finding marijuana. Only a couple of seconds elapsed between announcing "police with a search warrant" and ramming the door, a fact undisputed by the State.
The knock-and-announce rule is codified in section 933.09, Florida Statutes (1995), and provides that a law enforcement officer may forcibly enter a home for the purpose of executing a search warrant only after announcing his or her authority and purpose and, thereafter, being refused entry to the premises. This policy derives from the sentiment that there "is nothing more terrifying to the occupants than to be suddenly confronted in the privacy of their home by a police officer decorated with guns and the insignia of his office. This is why the law protects its entrance so rigidly." Bamber, 630 So.2d at 1052 (quoting Benefield v. State, 160 So.2d 706, 709 (Fla.1964)).
This court must presume that a search that does not comply with the knock-and-announce rules is invalid, unless the State proves that the officers' conduct falls within a recognized exception, such as officer peril. See Benefield; Craft. When the State asserts that this exception applies, the court must examine the particular facts. See Bamber, 630 So.2d at 1053. This case, like Craft, presents the issue of whether the officers had good reason to believe they might be in danger when they executed the warrant.
At the suppression hearing, the officers testified that this was a hazardous search because a confidential informant had implied that a firearm was present inside Mr. Holloway's house. Furthermore, in 1986, Mr. Holloway had been convicted of armed robbery and battery on a law enforcement officer. However, neither the search warrant nor its accompanying affidavit referred to the alleged presence of a firearm in Mr. Holloway's residence. A confidential informant's mere implication that a firearm was present is no more reliable than the statement by the confidential informant in Craft that the suspect was known to possess firearms. As in Craft, we conclude that this is insufficient to support the officer peril exception.
Furthermore, the 1986 convictions lack the requisite temporal proximity. In Craft, this court held that events that occurred two years prior to the execution of the search warrant were too stale to provide a reasonable belief of officer peril. Here, the search warrant was issued on January 12, 1996, almost ten years following the 1986 convictions.
Because the evidence failed to prove the officer peril exception, and because the officers knocked and announced their authority and purpose with such haste that Mr. Holloway did not have a reasonable opportunity to respond, the search violated section 933.09, Florida Statutes (1995). Accordingly, we reverse and remand with directions that Mr. Holloway be discharged.
CAMPBELL, A.C.J., and BLUE, J., concur.