793 So.2d 59 (2001)
Linda RANDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2870.
District Court of Appeal of Florida, Second District.
July 13, 2001.
James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Linda Randall appeals a judgment convicting her of possession of cocaine, possession *60 of marijuana, and possession of drug paraphernalia, and sentencing her to a total of eighteen months' probation. Ms. Randall pleaded no contest to the charges, reserving her right to appeal a dispositive motion to suppress the drugs found in her bedroom. Because the Bradenton police officers who executed the search warrant failed to comply with the "knock-and-announce" rule in section 933.09, Florida Statutes (1999), by not affording Ms. Randall a reasonable amount of time to respond before forcibly entering her residence, we reverse.
Bradenton police officers obtained a search warrant to search for drugs in Essie Craig's residence, where Ms. Randall was residing as a tenant. There was no mention in the search warrant that firearms might be found in the residence or that the residents posed a threat to police. Between 6 and 7 a.m. on September 17, 1999, Bradenton police officers executed their search warrant while it was still dark outside.
During the suppression hearing, several officers on the entry team testified regarding the knock-and-announce procedure used at Ms. Randall's residence. The officers knocked and announced, "Bradenton Police, search warrant," three times. The officers observed no movement inside the house and received no response. Within ten seconds, the officers forcibly entered the house using a battering ram.
Ms. Randall testified that at the time of the entry she was sleeping in her bedroom located at the back of the house. Ms. Randall heard a loud noise and heard Ms. Craig scream. Ms. Randall then heard police officers coming toward the back of the house. Officers wearing camouflage entered her room, ordered her to put her hands up, and led her outside in her nightgown. The officers discovered less than.01 grams of cocaine, less than .01 grams of marijuana, and drug paraphernalia in Ms. Randall's bedroom.
The facts of this case are essentially identical to the facts in Richardson v. State, 787 So.2d 906 (Fla. 2d DCA 2001). In that case, this court reversed the trial court's denial of defendant's motion to suppress and held that Bradenton police officers failed to comply with the statutory "knock-and-announce" rule when they used exactly the same technique that they used in executing their search of Ms. Randall's residence. But see United States v. Johnson, 215 F.3d 1328 (6th Cir. 2000) (finding five-second wait following a knock and announce at 7 a.m. reasonable); United States v. Knapp, 1 F.3d 1026 (10th Cir.1993) (finding failure to respond after ten- to twelve-second wait following a knock and announce late at night was affirmative refusal to admit police).
Accordingly, on the authority of Richardson, we reverse the trial court's denial of Ms. Randall's motion to suppress.
SALCINES and STRINGER, JJ., concur.