849 So.2d 391 (2003)
Leangelo KELLOM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0173.
District Court of Appeal of Florida, First District.
June 18, 2003.
*392 Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Appellant, Leangelo Kellom, appeals the trial court's denial of his dispositive motion to suppress the contraband discovered in his residence. Appellant contends that the officers who executed the search warrant violated the "knock and announce" rule codified in section 933.09, Florida Statutes (2000). We agree and, therefore, reverse and remand with directions that appellant be discharged. We affirm as to appellant's second issue on appeal without further discussion.
By information, the State charged appellant with one count of possession of cocaine, (count one), one count of possession of less than twenty grams of cannabis (count two), and one count of obstructing a police officer without violence (count *393 three). Appellant subsequently filed a motion to suppress the contraband found within his residence as a result of the officers' execution of the search warrant. Deputy O'Leary testified at the hearing that appellant had been suspected of selling crack cocaine from his single residence. O'Leary further testified that, after securing a search warrant, he and the other officers executed the warrant at approximately 5:30 p.m. that same day.
According to O'Leary, the officers knocked on appellant's back door, announced their presence only once, and, upon receiving no response, waited "several seconds" before forcibly entering appellant's residence. When questioned by the State as to the reason for making such a quick entry on a case such as this, O'Leary replied that on this particular case, the officers were not sure whether weapons were involved or whether evidence would be destroyed. O'Leary stated, "They do get rid of the dope once they knowonce we knock, they usually get rid of the dope...."
On cross-examination, O'Leary testified that his Affidavit for Search Warrant set forth that the confidential informant observed "a substantial quantity of cocaine," although, according to O'Leary, the informant may have stated that there was a truckload of cocaine in the residence. The affidavit made no mention of possible weapons or of the possibility that the suspected contraband would be destroyed as O'Leary had no knowledge of such at that time either. O'Leary further testified that, prior to their forcible entry, the officers did not hear any noise coming from inside the residence. Nor did the officers know, after knocking and announcing, whether weapons were involved. Upon their forcible entry, the officers found appellant located on his bed attempting to retrieve the contraband that was beside the bed.
Alfred Smith, another officer, testified that he was last in the group of three officers headed towards the back door of appellant's residence. According to Smith, by the time he made it to the back door, entry was already being made. Smith estimated that he was approximately five to ten seconds and ten to fifteen feet behind the other officers.
The trial court subsequently denied appellant's motion to suppress without stating any grounds in support of its ruling. During appellant's trial, the trial court set forth that appellant retained his right to appeal the court's ruling as to his motion. Following jury deliberations, the jury found appellant guilty as to counts one and two and not guilty as to count three. Thereafter, the trial court sentenced appellant to five years' imprisonment as to count one and one year's imprisonment as to count two with credit for time served, the sentences to run concurrently. This appeal followed.
The Fourth Amendment to the United States Constitution and article I, section 12 of the Florida Constitution guarantee the people of this nation the right to be secure in their homes from unreasonable searches and seizures. The common law knock and announce principle forms a part of the Fourth Amendment reasonableness inquiry. Wilson v. Arkansas, 514 U.S. 927, 930, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). The knock and announce rule has been recognized as a part of the common law of Florida. Wilson v. State, 673 So.2d 505, 508 (Fla. 1st DCA 1996). The Florida Legislature codified the knock and announce rule in section 933.09, which provides as follows:
The officer may break open any outer door, inner door or window of a house, or any part of a house or anything *394 therein, to execute the warrant, if after due notice of the officer's authority and purpose he or she is refused admittance to said house or access to anything therein.
Section 933.09 imposes two requirements. First, law enforcement must provide due notice of their authority and purpose. Richardson v. State, 787 So.2d 906, 908 (Fla. 2d DCA 2001). The statute also requires that law enforcement be refused admittance, which can be express or implied. Id. A lack of response is deemed a refusal. Id. Regardless of whether the ultimate refusal will be express or implied, section 933.09 and case law interpreting such require that some quantity of time, sufficient under the particular circumstances, be permitted for an occupant to respond. Id.
The policy underlying section 933.09 "derives from the sentiment that there `is nothing more terrifying to the occupants than to be suddenly confronted in the privacy of their home by a police officer decorated with guns and the insignia of his office. That is why the law protects its entrance so rigidly.'" State v. Bamber, 630 So.2d 1048, 1053 (Fla.1994) (quoting Benefield v. State, 160 So.2d 706, 709 (Fla.1964)). Where officers knock, announce their authority and purpose, and then enter with such haste that the occupant does not have a reasonable opportunity to respond, the search violates section 933.09. Holloway v. State, 718 So.2d 1281, 1282 (Fla. 2d DCA 1998). The trial court's decision on the issue of due notice is a decision of fact that is binding on this Court if it is supported by competent, substantial evidence. See State v. Robinson, 565 So.2d 730, 732 (Fla. 2d DCA 1990) (citation omitted).
In the instant case, Deputy O'Leary testified that several seconds elapsed between the officers' knock and announce and their forcible entry into appellant's residence. While O'Leary did not elaborate upon this "several second" period, Officer Smith testified that he was five to ten seconds and ten to fifteen feet behind the other officers. By the time Smith reached the back door of appellant's residence, entry was already being made. During oral argument, the State conceded that it was more likely that some length of time closer to five seconds elapsed between the officers' knock and announce and their forcible entry.
Moreover, O'Leary testified on direct examination that he was not sure whether weapons were involved or whether the evidence would be destroyed. On cross-examination, he similarly testified that the officers did not know, after knocking and announcing, whether weapons were involved. O'Leary's affidavit did not mention the possibility of weapons because he had no knowledge of such at that time either.
Based upon these circumstances, we hold that the officers' execution of the search warrant violated the knock and announce rule in section 933.09. While the quantity of time sufficient to provide a suspect with due notice will vary depending upon the particular circumstances at issue, the facts of this case do not establish that the quantity of time between the officers' knock and announce and their hasty entry was sufficient to permit appellant to respond. See West v. United States, 710 A.2d 866, 869 (D.C.Cir.1998) (holding that the officers' five-second wait between knocking and announcing their presence and their forcible entry at approximately 9:40 p.m. was insufficient, as a matter of law, as the time was simply too short to warrant a conclusion that the occupants had deliberately refused the police entry); United States v. Joyner, No. 96-CR-20063, 1997 WL 129181, at *4 (C.D.Ill. Mar.5, 1997) (holding that the officers' *395 five- to six-second pause between their knock and announce and their forcible entry at approximately 10:15 p.m. was not a reasonable time to conclude that the suspect was denying them entry as the government produced no evidence that the suspect was dangerous or possessed firearms or that he was likely to dispose of the contraband); Commonwealth v. Means, 531 Pa. 504, 614 A.2d 220, 223 (1992) (holding that a five- to ten-second delay between the officers' knocking and announcing and their forcible entry at 5:30 p.m. was not a reasonable time for an occupant to respond). Cf. United States v. Lucht, 18 F.3d 541, 550 (8th Cir.1994) (holding that the officers' vulnerable tactical circumstances, their knowledge of the suspect's extensive criminal record and his current parole status, and their suspicion that the suspect had consummated a drug transaction on the previous day excused their six- to eight-second pause between their knock and announce and their forcible entry into the suspect's residence at 7:00 a.m.); United States v. Markling, 7 F.3d 1309, 1318 (7th Cir.1993) (holding that the officers' seven-second wait between their knock and announce and their forcible entry at approximately 6:00 p.m. was sufficient because there was no noise coming from the suspect's small motel room and because the officers had been informed by two women who had just bought cocaine from the suspect that he was likely to destroy the contraband).
Because we conclude that the officers in this case violated section 933.09 by failing to provide appellant with due notice before forcibly entering his residence, we must also determine whether any exigent circumstances existed to excuse the officers' actions. The supreme court has recognized four exceptions to the knock and announce rule: (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose; or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted. Benefield, 160 So.2d at 710. This Court must presume that a search that does not comply with the knock and announce rule is invalid, unless the State proves that the officers' conduct comes within one of these recognized exceptions. See Holloway, 718 So.2d at 1282 (citations omitted).
With regard to the destruction of evidence and officer peril exceptions, the two exceptions relied upon by the State, the supreme court has held that an officer's belief of the immediate destruction of evidence must be based upon particular circumstances existing at the time of entry and must be grounded on something more than his or her generalized knowledge as a police officer. See Bamber, 630 So.2d at 1055. In holding such, the supreme court rejected the State's argument that a "blanket approach" should apply as an exception to section 933.09 and should excuse forcible entry if police generally believed that a small quantity of drugs were present in a residence with standard plumbing. Id. at 1053; see also Craft v. State, 638 So.2d 1011, 1013 (Fla. 2d DCA 1994) (holding that an officer's belief that he or she may be in peril if the knock and announce procedure is followed should be based on particular circumstances existing at the time of entry and should be based on something more than generalized knowledge that a defendant has been known to carry a weapon at some time in the past).
As we previously stated, O'Leary testified that he was not sure whether appellant would destroy the evidence or whether *396 appellant possessed any weapons. As O'Leary's testimony demonstrates, the officers' actions resulted from their generalized belief that individuals in possession of contraband will "usually get rid" of such. However, this generalized belief is not sufficient to excuse the officers' violation of section 933.09. See Bamber, 630 So.2d at 1055. Therefore, because the officers had no particularized belief that appellant was likely to destroy the contraband or that he was likely to be armed, no exigent circumstances existed to excuse the officers' violation of section 933.09.
The State also contends on appeal that if the officers' actions violated section 933.09 and were not excused through exigent circumstances, suppression of the contraband would be unnecessary as the evidence would have been inevitably discovered. However, we conclude that the inevitable discovery doctrine is not applicable in cases in which section 933.09 is violated, as the application of the doctrine to evidence seized in violation of the knock and announce rule would render section 933.09 and the policy behind the rule meaningless. In doing so, we agree with the majority of other jurisdictions that have addressed this issue. See State v. Robinson, 565 So.2d 730, 733 (Fla. 2d DCA 1990) (noting that if the rule of inevitable discovery was applied to all cases in which primary evidence was seized in violation of the knock and announce requirement, the rule would emasculate the requirement); see also United States v. Shugart, 889 F.Supp. 963, 977 (E.D.Tex.1995) (noting that the application of the inevitable discovery doctrine to the evidence seized after a clear violation of the knock and announce requirement would completely eviscerate the fundamental privacy and safety interests that the requirement seeks to secure); Mazepink v. State, 336 Ark. 171, 987 S.W.2d 648, 657 (1999) (rejecting the State's argument that the exclusion of evidence seized in violation of the knock and announce rule was not appropriate as the evidence would have been inevitably discovered); District of Columbia v. Mancouso, 778 A.2d 270, 275 n. 10 (D.C.2001) (declining to apply the inevitable discovery doctrine to a suppression case involving a violation of the knock and announce rule); People v. Tate, 323 Ill. App.3d 905, 257 Ill.Dec. 152, 753 N.E.2d 347, 350 (2001) (concluding that the inevitable discovery exception did not apply where the knock and announce rule required the suppression of the seized evidence); Carroll v. State, 149 Md.App. 598, 817 A.2d 927, 937-38 (Md.2003) (holding that the application of the inevitable discovery exception would permit the exception to swallow the exclusionary rule and "disembowel" the Fourth Amendment); State v. Taylor, 135 Ohio App.3d 182, 733 N.E.2d 310, 312 (1999) (holding that the inevitable discovery doctrine did not apply where evidence was gathered as a result of a violation of the knock and announce rule); Commonwealth v. Rudisill, 424 Pa.Super. 313, 622 A.2d 397, 400 n. 7 (1993) (rejecting the argument that the inevitable discovery doctrine may be applied to save evidence from suppression as a result of a violation of the knock and announce rule). As such, the trial court's order denying appellant's motion to suppress is not supported by competent, substantial evidence. Accordingly, because the officers violated section 933.09 and because no exigent circumstances existed at the time of entry to excuse the violation, we reverse and remand with directions that appellant be discharged.
REVERSED and REMANDED with directions.
VAN NORTWICK and HAWKES, JJ., concur.