COHEN, J.
In this consolidated appeal, Appellants, Arturo Mendez-Jorge and Mayra Rodriguez-Cabrera, appeal their judgments and sentences for trafficking in cannabis, possession of a place for trafficking, theft of electricity, and possession of paraphernalia. Appellants pleaded no contest to the charges, reserving their right to appeal the order denying their dispositive motions to suppress evidence found in their home upon execution of a search warrant. On appeal, they argue that the law enforcement officers who executed the search warrant violated the “knock and announce” rule by failing to give Appellants a reasonable amount of time to respond before forcibly entering their home. We disagree and affirm.
The trial court made the following findings of fact: On the morning of Monday, March 18, 2013, Appellants were observed walking around their property. At approximately 12 p.m. that same day, several deputies from the Hernando County Sheriffs Office went to Appellants’ home to execute a search warrant. Upon arriving at the home, the deputies approached the house as the deployment vehicle’s public address system announced over a loud speaker: “Sheriffs Office, search warrant.” Once at the front door, one of the deputies, Deputy Galarza, knocked loudly and yelled, “Policía, Policía.” After waiting five to ten seconds, he again knocked and announced law enforcement’s presence. When no one answered, the deputies used a battering ram to enter. At least twenty seconds elapsed from the initial loud speaker announcement to entry into the home. Deputy Galarza was aware that the house was used as a grow house for cannabis, and he admitted that he was not concerned about the destruction of evidence or any other exigency.[1]
It is undisputed that law enforcement both knocked and announced their authority in the instant case. The question presented is whether the amount of time the deputies waited between their initial knock and announcement and the forced entry was reasonable. The trial court’s application of the law to the facts is reviewed de novo. Sowerby, 73 So.3d at 331.
The Florida Legislature codified the common law knock-and-announce rule at section 933.09, Florida Statutes (2012), which provides:
The officer may break open any outer door, inner door or window of the house, or any part of the house or anything *467 therein, to execute a search warrant, if after due notice of the officer’s authority and purpose he or she is refused admittance to said house or access to anything therein.
Section 938.09 thus requires law enforcement officers to give due notice of their authority and purpose and to be “refused admittance” before they are authorized to forcibly enter a home. The refusal can be either express or implied by a lack of response. See Kellom v. State, 849 So.2d 391, 394 (Fla. 1st DCA 2003). “Where officers knock, announce their authority and purpose, and enter with such haste that the occupant does not have a reasonable opportunity to respond, the search violates section 933.09.” Spradley v. State, 933 So.2d 51, 53 (Fla. 2d DCA 2006) (citing Richardson v. State, 787 So.2d 906, 908 (Fla. 2d DCA 2001)).
Section 933.09 does not set forth a certain period of time that an officer must wait following his knock and announcement before he is authorized to force entry into the home. In determining the reasonableness of the wait time, the courts have consistently eschewed bright-line rules, instead taking a totality of the circumstances approach that emphasizes the fact-specific nature of the reasonableness inquiry. See United States v. Banks, 540 U.S. 31, 36, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003) (“[W]e have treated reasonableness as a function of the facts of cases so various that no template is likely to produce sounder results than examining the totality of the circumstances in a given case .... ”); see also Hudson v. Michigan, 547 U.S. 586, 590, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006) (“Our ‘reasonable wait time’ standard is necessarily vague.” (quoting Banks, 540 U.S. at 41, 124 S.Ct. 521)); State v. Pruitt, 967 So.2d 1021, 1023 (Fla. 2d DCA 2007) (“There is no bright line answer; the only answer found in our case law is that the occupant must have a ‘reasonable opportunity’ to respond. Time periods less than five seconds are rarely deemed adequate, and periods in excess of fifteen seconds are often adequate.”). Thus, the question is whether, given the information known to law enforcement at the time of the warrant’s execution, the officer can reasonably infer that he has been refused admittance by the occupants. See Banks, 540 U.S. at 39, 124 S.Ct. 521 (“[T]he facts known to the police are what count in judging reasonable waiting time .... ” (citing Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).
In determining the reasonableness of the wait time, some factors the courts have considered include the nature of the underlying offense, the time of day the warrant is executed, the size of the home, whether any activity or movement is observed within the home at the time of execution, and whether any exigencies exist. In the face of exigent circumstances, such as the imminent destruction of evidence, “the amount of time preceding entry is less imperative.” Pruitt, 967 So.2d at 1026. Needless to say, the fact-specific nature of the reasonableness inquiry has resulted in different outcomes for similar time frames. Compare Randall v. State, 793 So.2d 59 (Fla. 2d DCA 2001) (holding that ten-second delay between knock and announcement and forced entry was unreasonable in executing search warrant for drugs where there was no evidence that firearms might be present or that the occupants posed a threat to law enforcement and where warrant was executed between 6 a.m. and 7 a.m. when it was still dark outside), and Richardson, 787 So.2d at 907 (holding that ten-second wait before forcible entry into cocaine dealer’s home at 5:30 a.m., and with no indication of exigent circumstances, was not long enough), with *468 Banks, 540 U.S. at 38, 124 S.Ct. 521 (concluding that officers’ delay of fifteen to twenty seconds was reasonable where, after announcing their presence by knocking on door of drug dealer’s two-bedroom apartment in the middle of the afternoon and calling out “police search warrant,” police forced entry, and explaining that “when circumstances are exigent because a pusher may be near the point of putting his drugs beyond reach, it is imminent disposal, not travel time to the entrance, that governs when the police may reasonably enter”), and Pruitt, 967 So.2d at 1026 (concluding that twelve-second delay was reasonable where, at 5:15 a.m., police forced entry to execute search warrant on home of major player in heroin trafficking operation and where officers were aware that trafficker was a suspect in a murder investigation in which the murder weapon was an AK-47).
It is undisputed that the instant case did not involve exigent circumstances. Thus, this Court must consider whether twenty seconds was a reasonable amount of time from which the officers could infer that they were being refused admittance. We conclude that the deputies’ twenty-second wait time was reasonable. The warrant was executed during the middle of the day, after Appellants had been observed walking around the property. Moreover, law enforcement’s presence had been announced over a loud speaker as the officers approached the door. Under these circumstances, when Appellants did not answer the door after twenty seconds, it was reasonable for law enforcement to believe that Appellants were denying them entry.
Appellants’ reliance on Spradley is misplaced. There, the Second District held that a fifteen-second delay before forcing entry into a two-story home was unreasonable where law enforcement officers executed a warrant at 9:41 p.m., when the occupants could reasonably be expected to be preparing for bed. And, most importantly, during that fifteen-second time frame, law enforcement had detonated an explosive distraction device outside the house, and the officers were yelling at people in the backyard and detaining others in the side yard. The Spradley court concluded that, under the totality of the circumstances, the actions of the officers “succeeded in eliminating any chance that the occupants may have had to permit a peaceable entry.” 933 So.2d at 56. Here, in contrast, the warrant was executed midday, no such distraction device was used, and, as found by the trial court, “the entire focus of the announcement of the deputies’ presence and purpose at [Appellants’] residence was directed on the front of the house and would have reasonably alerted anyone with an inclination to answer the front door to do so.”
We find no merit in the other argument Appellants raise on appeal. Accordingly, we affirm.
AFFIRMED.
BERGER and WALLIS, JJ., concur.

. In their brief, Appellants rely on the facts elicited during Deputy Galarza’s pre-hearing deposition. Specifically, they emphasize that during his deposition, the deputy testified that he waited only five to ten seconds before forcing entry, but at the hearing on the suppression motions, he stated that he waited a longer period of time. Appellants base their legal argument on the notion that only five to ten seconds elapsed between the knock and announcement and the entry into the home. Although there were discrepancies between Deputy Galarza's deposition testimony and hearing testimony, the trial court weighed that testimony and found that the deputy waited at least twenty seconds before forcing entry into the home. Because the trial court’s findings of fact are supported by competent, substantial evidence, this Court is bound by those findings. See Sowerby v. State, 73 So.3d 329, 331 (Fla. 5th DCA 2011). By basing their arguments on the facts as stated in the deputy’s deposition testimony — rather than those found by the trial court — Appellants are in essence asking this Court to reweigh the evidence, which we are not permitted to do.