618 A.2d 1019

**COMMONWEALTH of Pennsylvania**

v.

**Ronald BULL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 24, 1992.

Filed Jan. 7, 1993.

John G. McDougall, Media, for appellant.

Dennis C. McAndrews, Asst. Dist. Atty., Media, for Com. appellee.

Before KELLY, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence for possession of controlled substances with intent to deliver [1] and conspiracy to possess controlled substances with intent to deliver.[2] Appellant, Ronald Bull, presents the following claims:

I. The opinion testimony of the drug enforcement officer was insufficient to make out a case of possession with intent to deliver, when there was no other indicia of delivery capability.

II. The police violated Rule 2007 in waiting but one, or two seconds after knocking and announcing their identity, authority and purpose before breaking down appellant's door. The belief that appellant might throw the contraband out of the window is not an exigent circumstance such as to relieve the police of the Rule's requirements.

III. The issuance of a night time search warrant must be supported by more than the general assertion that an alleged dealer will sell his wares until they run out—without regard to time.

1. 35 P.S. § 780–113(a)(30).
2. 18 Pa.C.S.A. § 903.

Appellant's Brief at 7. For the reasons set forth below, we reverse the order of the trial court, vacate judgment of sentence and remand for a new trial.

On October 20, 1989, at 12:20 a.m., Detective James Frey of the Delaware County Drug Task Force obtained a search warrant authorizing a search of appellant's apartment. The search warrant was executed approximately one hour after its issuance. During the search, the police seized 29.01 grams of phencyclidine, .45 grams of triazolan, numerous bottles of parsley flakes and mint leaves, a lemon extract bottle, $341.00 cash, a tally sheet, other items of drug paraphernalia, and mail addressed to appellant at the address searched.

As a result of the search, on October 20, 1989, appellant was charged with possession of controlled substances,[3] possession with intent to deliver controlled substances, use of or possession with intent to use drug paraphernalia[4] and criminal conspiracy. On March 16, 1990, appellant filed a pre-trial omnibus motion. Subsequently, a suppression hearing was held on April 2, 1990, following which appellant's pre-trial motions were denied. On June 7, 1990, appellant was convicted on all charges. Post-trial motions were filed and denied. On February 24, 1992, appellant was sentenced to five-to-ten-years imprisonment for possession with intent to deliver[5] to be served concurrently with a five-to-ten-year term of imprisonment for conspiracy.[6] Appellant's timely appeal followed.

## I.

 Appellant first contends that the evidence produced at trial was insufficient to establish beyond a reasonable doubt that appellant had the intent to deliver controlled substances. This claim is without merit.

3. 35 P.S. § 780–113(a)(16).

4. 35 P.S. § 780–113(a)(32).

5. The charge of possession of controlled substances merged with the charge of possession with intent to deliver for sentencing purposes.

6. The charge of possession of drug paraphernalia merged with the charge of conspiracy for sentencing purposes.

The standard applied in reviewing a sufficiency claim is well-settled:

> We must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing the sufficiency of the evidence.

*Commonwealth v. French,* 396 Pa.Super. 436, 440, 578 A.2d 1292, 1294 (1990), *affirmed,* 531 Pa. 42, 611 A.2d 175 (1992).

In the instant action, Detective Frey, a qualified expert in the field of drug distribution and investigation, rendered an opinion that appellant possessed controlled substances with an intent to distribute rather than for personal use.[7] Such testimony, coupled with the presence of the various items discovered on the premises, is sufficient to support a finding of intent to deliver controlled substances. *See Commonwealth v. Bruner,* 388 Pa.Super. 82, 101, 564 A.2d 1277, 1286 (1989) (citation omitted) (the presence of drug paraphernalia combined with expert testimony from two detectives that the controlled substances were possessed with the intent to deliver was sufficient to establish the element of intent to deliver).

## II.

Appellant next contends that the suppression court erred in failing to find that the police search violated Pa.R.Crim.P. 2007, commonly referred to as the "knock and announce" rule. We agree.

We first point out our standard of review of a suppression court's determination:

7. In support of his opinion, Detective Frey testified to the following: the quantity of PCP seized by the police far exceeded the amount a user would keep for himself; the parsley and mint flakes, lemon and vanilla extract bottles, wax envelopes, plastic bags and tin foil found on the premises are frequently used to manufacture and package PCP for distribution; and the tally sheet retrieved from appellant's rear pocket is a common method of recording drug sales.

> [W]e must determine whether the factual findings are supported by the record. When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. Assuming that there is support in the record, we are bound by the facts as are found and we may reverse the suppression court only if the legal conclusions drawn from those facts are in error.

*Commonwealth v. Cortez,* 507 Pa. 529, 532, 491 A.2d 111, 112 (1985) (citations omitted), *cert. denied, Cortez v. Pennsylvania,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985).

It has long been held that the Fourth Amendment to the United States Constitution requires the police to knock and identify themselves, announce their purpose and wait a reasonable period of time before forcible entry. *Commonwealth v. Grubb,* 407 Pa.Super 78, 83, 595 A.2d 133, 135 (1991). However, this requirement is not absolute. It is well-settled that there are exigencies which excuse compliance with the Fourth Amendment knock and announce requirement. *Commonwealth v. Norris,* 498 Pa. 308, 313, 446 A.2d 246, 248 (1982).

These principles are codified in Rule 2007 of Pennsylvania's Rules of Criminal Procedure. *Commonwealth v. Parsons,* 391 Pa.Super 273, 278, 570 A.2d 1328, 1331 (1990); *Commonwealth v. Golden,* 277 Pa.Super. 180, 184, 419 A.2d 721, 723 (1980). Rule 2007 provides:

> (a) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of his identity, authority and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require his immediate forcible entry.
>
> (b) Such officer shall await a response for a reasonable period of time after his announcement of identity, authority and purpose, unless exigent circumstances require his immediate forcible entry.
>
> (c) If the officer is not admitted after such reasonable period, he may forcibly enter the premises and may use as

much physical force to effect entry therein as is necessary to execute a search.

Pa.R.Crim.P. 2007.

■ In the case at bar, the police failed to give appellant an opportunity to respond to their knock and announcement. Upon arriving at appellant's residence, the police knocked on the door, and announced that they were police officers and that they had a search warrant for the premises. After approximately *one or two seconds*, the police forcibly entered appellant's apartment. While the police did knock and announce their identity, authority and purpose before forcing entry, it is clear that they failed to wait a reasonable time for appellant to respond. *See Commonwealth v. Means*, 531 Pa. 504, 508, 614 A.2d 220, 223 (1992) ("A five to ten second delay is not a reasonable time for an occupant to respond to police officers' knocking and announcing their purpose."); *Commonwealth v. McDonel*, 411 Pa.Super 187, 196, 601 A.2d 302, 307 (1991) (A thirty second lapse between the first knock and the use of a battering ram and a five second lapse between announcement and entry was insufficient.). Hence, unless there were exigent circumstances, the search was in violation of Rule 2007.

■ Our Supreme Court has recognized four specific instances where exigent circumstances exist:

1) [where] the occupants remain silent after repeated knocking and announcing;

2) [where] the police are virtually certain that the occupants of the premises already know their purpose;

3) [where] the police have reason to believe that an announcement prior to entry would imperil their safety; and

4) [where] the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Means*, 531 Pa. at 508, 614 A.2d at 222–23 (1992) (citations omitted). In the case at hand, the Commonwealth argues that the police had reason to believe that evidence was about to be destroyed and, therefore, exigent

circumstances were present at the time of the search. We do not agree.

■■ To establish that exigent circumstances existed in this instance, the Commonwealth must demonstrate that the police had reason to believe that appellant was destroying evidence at the time of the announcement. *Grubb,* 407 Pa.Super. at 83, 595 A.2d at 135. A mere presumption that the evidence would be destroyed is not enough. *See id.* at 84–85, 595 A.2d at 136 (citations omitted) ("[T]here must be more than the presumption that the evidence would be destroyed merely because it could be easily accomplished.... The fact that evidence *may be* destroyed ... does not justify the suspension of the fourth amendment.").

The instant case is distinguishable from *Commonwealth v. Pugh,* 223 Pa.Super 112, 296 A.2d 864 (1972) and *Commonwealth v. Dial,* 445 Pa. 251, 285 A.2d 125 (1971), cases in which our courts have found the police justified in believing that evidence was being destroyed at the time of the knock and announcement. In *Commonwealth v. Pugh,* this court held that as the wife of appellant lied about being alone after the police rang the door bell and announced their identity and purpose, "the officers could reasonably conclude that she was stalling for time in order to destroy the narcotics." *Pugh,* 223 Pa.Super. at 116, 296 A.2d at 866. In *Commonwealth v. Dial,* after the police announced that they had a warrant and requested that someone open the door, they heard the sound of running from inside the apartment. *Dial,* 445 Pa. at 254, 285 A.2d at 127. In affirming the judgment of sentence, the Supreme Court held that the sounds of running, after the door remained closed, substantiated the officers' belief that an effort was underway to destroy the evidence. *Id.* at 255, 285 A.2d at 127.

In the case at bar, the police knocked on the door, announced that they were police officers and stated that they had a warrant. After a second or two, the police struck the door with a sledge hammer and gained entry into appellant's apartment. Unlike the circumstances of *Pugh* and *Dial,* here the police had no communication with any individuals in the

apartment and heard no sounds or movements from within. The police witnessed nothing during the actual execution of the search warrant to put them on notice of destruction of evidence.

Rather, the Commonwealth bases its assertion upon testimony regarding appellant's actions during a prior search. Specifically, the police testified that in 1987 or 1988, a search warrant was executed upon the same residence as in the instant case. Approximately six months after the search, appellant's wife told the police that before the police had entered the apartment, appellant threw a package of drugs out of the window. Appellant later retrieved the package. It is from this instance alone that the police substantiate their immediate entry into appellant's apartment.

In *Commonwealth v. McDonel*, 411 Pa.Super 187, 601 A.2d 302 (1991), the Commonwealth provided a similar basis to justify the police's failure to provide appellant with an opportunity to peacefully surrender the premises. Specifically, the Commonwealth argued that:

[T]he officers' knowledge of appellant's two-year-old weapons violation combined with their "assumptions" that drug dealers routinely "possess firearms and that such weapons are as much tools of the trade as more commonly recognized drug paraphernalia" was sufficient to create the exigent circumstances necessary to permit forced entry without first affording appellant the opportunity to surrender the premises peaceably.

*Id.* at 194, 601 A.2d at 305.

This court found that the officers were not warranted in their belief that appellant was armed and dangerous at the time the search warrant was executed. We stated that:

[T]he present case was not one where ... the officers were poised to arrest an escaped convict who was recently seen with a handgun and who had previously been convicted of a murder which he committed with a firearm. In the case *sub judice*, all the officers knew was that appellant had pleaded.

guilty to possession of an unlicensed weapon some two years earlier. Certainly, such information is stale at best.

*Id.* at 195, 601 A.2d at 306.

In the present action, the police merely had knowledge of a one-to-two year old search of appellant's apartment where appellant allegedly abandoned evidence which he later retrieved. There was no contention that appellant actually destroyed any evidence during the prior search. Hence, the most the police could infer from the prior search is that appellant might attempt to conceal evidence during future searches.

Since the police failed to afford appellant a reasonable opportunity to respond and there were no exigent circumstances, we find that the police violated Rule 2007 in executing the search warrant. Hence, the search was unlawful and the evidence resulting from the search should have been suppressed. *Commonwealth v. Means*, 531 Pa. 504, 614 A.2d 220 (Pa. Sept. 16, 1992). Accordingly, we reverse the order of the trial court, vacate judgment of sentence, and remand for a new trial.[8]

Reversed; judgment vacated; and case remanded. Jurisdiction relinquished.

---

**8.** Because we reverse the trial court and vacate judgment of sentence, we need not address appellant's third claim.