622 A.2d 397

**COMMONWEALTH of Pennsylvania**

**v.**

**William RUDISILL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1993.

Filed March 29, 1993.

William E. Ruane, Radnor, for appellant.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com.

Before CIRILLO, BECK and KELLY, JJ.

KELLY, Judge:

Appellant, William Rudisill, appeals from judgment of sentence following his convictions of possession of a controlled substance,[1] possession of a controlled substance with intent to deliver,[2] possession of drug paraphernalia,[3] and criminal conspiracy.[4]  We reverse.

The salient facts and procedural background may be summarized as follows.  On June 19, 1990, Delaware County Narcotics Officers, accompanied by two township police officers and one Pennsylvania state trooper, arrived at appellant's apartment to execute a valid search warrant.[5]  One of the police officers knocked on appellant's door.  No response followed.  After fifteen seconds, the police simultaneously knocked on the door, announced their presence and identity as police officers, and sledge-hammered their entry into the apartment.  After this entry and pursuant to the search warrant, the police officers searched appellant's apartment. The search revealed several envelopes of PCP and a mixture of ether and PCP.

1.  35 P.S. § 780-113(a)(16).
2.  35 P.S. § 780-113(a)(30).
3.  35 P.S. § 780-113(a)(32).
4.  18 Pa.C.S.A. § 903.
5.  The trial court found that the warrant was valid despite appellant's pretrial argument to the contrary.  See N.T. May 2, 1991 at 4.  However, appellant has not maintained that argument on appeal.  Therefore, for appellate purposes, the warrant was valid.

Before trial, appellant moved to suppress the evidence, arguing, *inter alia,* that the police officers violated the "knock and announce" rule. Following a hearing, the trial court denied appellant's motion. At a non-jury trial on the merits of the case, appellant was convicted as stated above. Post-verdict motions were filed and denied. The trial court sentenced appellant to four to ten years imprisonment and fined him $25,000.00. This timely appeal followed.

On appeal, appellant argues:

THE POLICE OFFICERS WHO EXECUTED THE SEARCH WARRANT HEREIN VIOLATED THE "KNOCK AND ANNOUNCE" RULE AND, AS A RESULT, ALL EVIDENCE OBTAINED FROM THE SEARCH OF THE APARTMENT SHOULD BE SUPPRESSED.

Appellant's Brief at i. We agree.

■ Our standard of review is as follows:

In reviewing an order denying a motion to suppress evidence, this Court must

determine whether the factual findings of the suppression court are supported by the record. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense, as, fairly read in the context of the record as a whole, remains uncontradicted. If, when so viewed, the evidence supports the factual findings, we are bound by such findings and may only reverse if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Schneider,* 386 Pa.Super. 202, 206, 562 A.2d 868, 870 (1989), *allocatur denied,* 525 Pa. 598, 575 A.2d 564 (1990) (citations omitted).

■ In determining whether an entry following a knock and announcement is unlawful, we must consider whether the delay in entry was reasonable. *Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992); Pa.R.Crim.P. 2007. An entry which is unreasonable under Pennsylvania Rule of Criminal Procedure 2007 ("Manner of Entry Into Premises") is also an

unreasonable entry under the Fourth Amendment. *Commonwealth v. Means, supra* at 506–08, 614 A.2d at 222.[6]

The following precedents have determined what constitutes an unreasonable police entry. In *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968), the Pennsylvania Supreme Court held that a forcible entry following twenty seconds of silence after the knocking and announcement was unreasonable. Likewise, a forcible entry only five to ten seconds after the knocking and announcement is unreasonable, *Commonwealth v. Means, supra,* as is a forcible entry after a delay of one to two seconds. *Commonwealth v. Bull,* 422 Pa.Super. 67, 618 A.2d 1019 (1993). Moreover, even if the police wait thirty seconds after the original knock, their forcible entry is unreasonable if it follows the *announcement* of their identity by only five to ten seconds. *Commonwealth v. McDonel,* 411 Pa.Super. 187, 601 A.2d 302 (1991).

■ If the entry is unreasonable due to a violation of Rule 2007 and the Constitution, the fruits of the search must be suppressed from trial. *Commonwealth v. Means, supra; Commonwealth v. Bull, supra.* Our Supreme Court explained:

... Rule 2007 in particular implicates the fundamental constitutional concern of the prohibition against unreasonable searches and seizures. Therefore, a finding that the

**6.** Rule 2007(b) provides that a police officer must await a reasonable amount of time after announcement of his identity before entering, "unless exigent circumstance require his immediate forcible entry." Our Supreme Court has enunciated four circumstances which justify the exceptional entry:

1) the occupants remain silent after repeated knocking and announcing;

2) the police are virtually certain that the occupants of the premises already know their purpose;

3) the police have reason to believe that an announcement prior to entry would imperil their safety; and

4) the police have reason to believe that evidence is about to be destroyed.

*Commonwealth v. Chambers,* 528 Pa. 403, 408, 598 A.2d 539, 54 (1991).

*Commonwealth v. Means, supra,* 531 Pa. at 508, 614 A.2d at 222–23. The Commonwealth does not argue, nor can we conclude, that any of these exceptions apply in this case.

police's deliberate execution of a search warrant violated Rule 2007 dictates the conclusion that the fruits of the unlawful search should have been suppressed.

*Commonwealth v. Means, supra,* 531 Pa. at 509, 614 A.2d at 223.

In the instant case, the police initially knocked on appellant's door without identifying themselves. Fifteen seconds later, they knocked and announced their presence. However, their forcible entry occurred simultaneously; the police allowed *no time* to lapse between their announcement and their entry. Pursuant to established interpretations of the Fourth Amendment and Pennsylvania Rule of Criminal Procedure 2007, we conclude that the police entry was unreasonable. Accordingly, the trial court should have granted appellant's motion to suppress the fruits of the search that followed.[7] We must, therefore, vacate judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Case remanded.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the trial court should have granted appellant's

7. We reject the Commonwealth's argument that the doctrine of inevitable discovery may be applied in this case to save the evidence from suppression. The inevitable discovery doctrine applies when there would have been a discovery *independent from the one which resulted from the unlawful act. See Commonwealth v. Mason,* 415 Pa.Super. 22, 36, 608 A.2d 506, 509 (1992), *quoting Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) ("So long as a later lawful seizure is genuinely independent of an earlier, tainted one ... there is no reason why the independent source doctrine should not apply."); *Commonwealth v. Hoffman,* 403 Pa.Super. 530, 589 A.2d 737 (1991) (evidence would have been discovered by other lawful means); *Commonwealth v. Reviera,* 387 Pa.Super. 196, 207, 563 A.2d 1252 (1989) ("Suppression of evidence is not available as a remedy for unlawful police conduct where the evidence was obtained by means independent of the unlawful police conduct."). In the instant case, there was only to be one means of seizing the contraband—through the execution of the search warrant. There was no alternative plan to make entry. Therefore, the Commonwealth would not have discovered the evidence any other way. That they would have found the drugs pursuant to a lawful execution of the search warrant does not purge the unlawful execution.

motion to suppress the evidence seized, as I am not persuaded that the facts here warrant such a drastic measure.

It is undisputed that the search warrant in the instant case was a valid one, hence, the police would have been entitled to enter the premises forcibly and conduct a search with or without the permission of the occupants. *See Commonwealth v. Davis,* 407 Pa.Super. 415, 428, 595 A.2d 1216, 1223 (1991), *appeal denied,* 530 Pa. 630, 606 A.2d 900 (1992); *Commonwealth v. Morgan,* 517 Pa. 93, 96, 534 A.2d 1054, 1056 (1987). Even assuming there was no technical compliance with the notice requirement of Rule 2007, "this does not *ipso facto* necessitate a finding that the evidence seized *must* be suppressed." *Davis,* 407 Pa.Super. at 428, 595 A.2d at 1223. Specifically,

> exclusion/suppression of evidence is not an appropriate remedy for every violation of the Pennsylvania Rules of Criminal Procedure concerning searches and seizures. It is only where the violation also implicates fundamental, constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy.

*Commonwealth v. Mason,* 507 Pa. 396, 406–07, 490 A.2d 421, 426 (1985).

Assuming a violation of the "knock and announce" rule in the instant case, to require suppression of the contraband seized from appellant's apartment would clearly be "a remedy out of proportion to the benefits gained to the end of obtaining justice while preserving individual liberties unimpaired." *Id.* (quoting *United States v. Searp,* 586 F.2d 1117 (6th Cir.1978), *cert. denied* 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979) (suppression due to Rules violation not justified absent bad faith conduct on the part of police or prejudice to defendant in sense that search would not have occurred or would not have been as obtrusive)). Here the officers, armed with a valid search warrant, knocked on appellant's door, waited fifteen seconds, and began entering the premises while identifying themselves. Allowing more time to lapse between their announcement and their entry would have been a futile gesture

and appellant was *not so substantially* prejudiced by the officer's failure to do so. *Mason, supra.*

Furthermore, while the purpose of the "knock and announce" rule is to permit a peaceful apprehension of the person and premises before applying force, *Commonwealth v. DeMichel,* 442 Pa. 553, 277 A.2d 159 (1971), the Fourth Amendment must be applied under a standard of reasonableness. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). In light of this reasonableness standard, although the Commonwealth does not assert the existence of exigent circumstances here, the argument set forth by Justice Papadakos, dissenting in *Commonwealth v. Means,* 531 Pa. 504, 614 A.2d 220 (1992) is well taken and worth reiterating:

> Drug busts are so inherently exigent as to product and dangerous as to the authorities that the police, once armed with a proper warrant, should be allowed to knock, announce and enter almost immediately. The reasonableness requirement should play in favor of the authorities because any delay enables drug pushers to dispose of evidence by flushing or similar means. The term "exigency" takes on a whole new meaning in reference to drug cases. Finally, the "Fourth Amendment cannot be interpreted to imperil law enforcement officers." *Stanley,* [*supra* ].

*Means,* 531 Pa. at 509–10, 614 A.2d .at 223 (Papadakos, J., dissenting).

In light of the foregoing and weighing the benefits of deterring police misconduct against the costs of excluding otherwise reliable evidence, I would affirm the judgment of sentence.