COMMONWEALTH of Pennsylvania, Appellee

v.

Henry CARPENTER, Appellant.

Superior Court of Pennsylvania.

Submitted March 10, 2008.
Filed Aug. 12, 2008.

Amy J. Shaffer, Reading, for appellant.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellee.

BEFORE: STEVENS, PANELLA and HUDOCK, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Henry Carpenter, appeals from the judgment of sentence entered on July 24, 2007, by the Honorable Paul M. Yatron, Court of Common Pleas of Berks County. After careful review, we affirm.

¶ 2 On January 30, 2007 two probation officers with Berks County Adult Probation Department, Adam Becker and Carlo DeAngelo, went to the home of one of their supervisees, Kelly Williams. Williams is Carpenter's live-in girlfriend. While in the home, P.O. DeAngelo saw marijuana on the dining room table, a knife, cutting board, digital scale, a marijuana stem, and a giant sized zip-lock bag that contained 21 glass vials of marijuana weighing a total of 27.2 grams. Williams admitted that she used marijuana daily, but she denied that the marijuana found in the home belonged to her. The probation officers contacted the Reading Police with this information.

¶ 3 Officer Adam Linderman and Criminal Investigator Jose Colon responded to the report and obtained Williams' consent

to search her home. The police seized the marijuana and drug paraphernalia from the home. They also found a glass container of marijuana, 27 individual unused black zip-lock bags, two unused blue transparent zip-lock bags, a checkbook showing both Williams' and Carpenter's name on the account, zip-lock bags with an eight-ball logo, two photographs of Carpenter, $128 located under a mattress, a clear sandwich bag filled with bulk marijuana, 15 clear glass bottles with colored lids, some of which contained marijuana residue, a box of unused glass vials with blue lids, unused glass bottles with white lids, three cell phones, and mail addressed to both Carpenter and Williams. In a hanging planter in the dining room, the police also found 13 empty glass containers with marijuana residue, smoking packages, and cigarette papers. The parties stipulated that the police seized just over 63 grams of marijuana.

¶ 4 Carpenter was not present at the residence during the search because he was at work. However, Officer Linderman recognized Carpenter in the two photographs of him seized due to prior encounters. Officer Linderman obtained a warrant for his arrest. Subsequently, Officer Trythall executed the arrest at the residence after Carpenter returned to his home.

¶ 5 Carpenter was charged with various crimes arising from the objects seized during the search of his home. During a jury trial, the Commonwealth presented the expert testimony of Criminal Investigator Michael Rowe, who was qualified as an expert in narcotics and the drug trade. He testified that due to the quantity and form of the marijuana seized, the unused packaging material, the measuring device, the street value of the marijuana, and the cutting board, knife, and marijuana stem, Carpenter possessed the drugs for the purpose of distribution and not just for personal use. Subsequently, on July 24, 2007, the jury convicted Carpenter of possession with intent to deliver a controlled substance,[1] possession of a controlled substance,[2] possession of drug paraphernalia,[3] and conspiracy.[4] That same day the trial court sentenced Carpenter to an aggregate sentence of 2 years to 5 years incarceration in a state correctional facility followed by four years probation. This timely appeal followed.

¶ 6 On appeal, Carpenter raises the following issue for our review:

1. Whether the evidence adduced at trial was insufficient to support appellant's conviction for possession with intent to deliver and conspiracy in that the Commonwealth failed to establish beyond a reasonable doubt that appellant possessed the marijuana in order to sell/deliver it and not merely for personal use or that appellant agreed to aid another in selling the marijuana in question?

Appellant's Brief, at 4.

¶ 7 In his issue on appeal, Carpenter argues that the Commonwealth did not establish that he had the requisite intent to deliver a controlled substance beyond a reasonable doubt. He maintains that the evidence is equally consistent with personal use and drug trafficking, and so did not establish that he possessed the marijuana for drug distribution instead of for personal use alone. Additionally, Carpenter argues that the fact that he apparently did not lack a source of income, had no weap-

---

1. 35 Pa. Stat. § 780–113(a)(30).

2. 35 Pa. Stat. § 780–113(a)(16).

3. 35 Pa. Stat. § 780–113(a)(32).

4. 18 Pa. Cons.Stat. Ann. § 903(a).

ons, and only had a small amount of cash at the home serve as indicators that the drugs were for personal use only.

¶ 8 When reviewing a sufficiency of the evidence claim, our standard of review is as follows:

> We must determine whether, viewing all the evidence at trial, as well as all reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the jury could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing the sufficiency of the evidence.

*Commonwealth v. Bull,* 422 Pa.Super. 67, 618 A.2d 1019, 1020 (1993) (quotation omitted), *appeal granted,* 536 Pa. 638, 639 A.2d 23 (1994), *aff'd,* 539 Pa. 150, 650 A.2d 874 (1994), *cert. denied,* 515 U.S. 1141, 115 S.Ct. 2577, 132 L.Ed.2d 827 (1995).

■■■ ¶ 9 In order to prove the offense of possession with intent to deliver a controlled substance, the Commonwealth must prove beyond a reasonable doubt both that the defendant possessed the controlled substance and had the intent to deliver. *Commonwealth v. Kirkland,* 831 A.2d 607, 611, (Pa.Super.2003) (citation omitted), *appeal denied,* 577 Pa. 712, 847 A.2d 1280 (2004). When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash." *Commonwealth v. Ratsamy,* 594 Pa. 176, 183, 934 A.2d 1233, 1237–1238 (2007) (quotation omitted). Expert opinion testimony is also admissible "concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." *Id.* The expert

testimony of a witness qualified in the field of drug distribution, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver. *Bull,* 618 A.2d at 1021.

■■ ¶ 10 Carpenter specifically challenges the sufficiency of the Commonwealth's evidence in establishing the intent to deliver. Viewing the evidence in the light most favorable to the Commonwealth, the quantity of drugs and the presence of packing materials, in addition to the expert testimony of C.I. Rowe, which the jury found credible, established intent to deliver beyond a reasonable doubt. C.I. Rowe concluded that Carpenter distributed drugs because he had 21 glass vials with marijuana, bulk marijuana, 260 empty glass vials, a digital scale, unused plastic baggies, and a . cutting board and knife with marijuana residue. The bulk marijuana purchased in this form had a value of $120, but if broken down and placed in the unused glass vials it would have a street value of $270.00. N.T., 7/24/07, at 65. The marijuana found in the 21 vials had a street value of $210.00, but it could have been purchased in bulk for only $100.00. *Id.* C.I. Rowe testified that it is common for those who use drugs to also sell drugs in order to support their habit. *Id.,* at 66. However, if they were buying for personal use only, it would be more economical to purchase bulk marijuana and it would not be necessary to spend the time or money to buy glass vials and make individual dosages. *Id.,* at 66–67.

¶ 11 In *Bull* we also found the evidence sufficient· to constitute intent to deliver. There, the defendant had packaging materials, such as plastic bags, and the expert witness, qualified in the field of drug distribution and investigation, found the amount possessed by the defendant was more than an individual user would have. 618 A.2d at 1021. The testimony and the

drug paraphernalia taken together established intent to deliver.

¶ 12 Although Carpenter relies on *Ratsamy* to distinguish his case from those where the evidence was sufficient to constitute intent to deliver, the Supreme Court recently vacated the judgment and found that the evidence was sufficient to support the possession with intent to deliver conviction. Like the vials in Carpenter's possession, the defendant in *Ratsamy* possessed a large quantity of unused ziplock bags. The expert testified that the circumstances surrounding the defendant's possession of the controlled substance, such as the amount and the form of the drug, established that he intended to distribute the contraband. *Ratsamy*, 594 Pa. at 180–181, 934 A.2d at 1235–1236. The trial court found this testimony credible.

¶ 13 Likewise, the Supreme Court also recently vacated the other case Carpenter relied on, *Commonwealth v. Clark*, 596 Pa. 263, 942 A.2d 895 (2008), pursuant to *Ratsamy*. In that case, the testimony of the expert witness established that the defendant possessed the intent to deliver because he had a large amount of cocaine on him and a cell phone, even though he only had $9 when the police stopped him. The trial court found the expert testimony credible and convicted based on circumstantial evidence alone. In the case *sub judice*, in addition to the expert testimony and the drugs found, there is even more evidence to support the conclusion that Carpenter had the intent to deliver. For example, the police found drug paraphernalia and a larger cash sum. Even where the quantity of the drug could possibly be consistent with personal use, the presence of the drug paraphernalia in Carpenter's home, such as scales and packaging materials, "unequivocally establish more than just personal use." *Commonwealth v. Keefer*, 338 Pa.Super. 184, 487 A.2d 915,

918 (1985). The evidence was clearly sufficient to support the trial court's finding that Carpenter had the intent to deliver.

¶ 14 The other part of the issue Carpenter raises on appeal is his claim that the Commonwealth failed to prove beyond a reasonable doubt that he engaged in criminal conspiracy. Carpenter argues that the evidence is not sufficient to show that he intended to commit the crime of possession with intent to deliver, nor that he agreed with Williams to commit the crime and that an overt act took place to accomplish this crime.

¶ 15 Carpenter failed to place this claim in his court-ordered 1925(b) statement. *See* Statement of Matters Complained of on Appeal Pursuant to Pa. R.A.P. Rule 1925(b), 42 PA. CONS.STAT. ANN., filed 9/25/07. It is well established that an appellant's failure to include claims in the court-ordered 1925(b) statement will result in a waiver of that issue on appeal. *See Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998); Pa. R.A.P., Rule 1925(b)(4)(vii), 42 PA. CONS.STAT. ANN. Therefore, we are constrained to find this issue waived.

¶ 16 For the aforementioned reasons, the evidence was sufficient to sustain Carpenter's conviction for possession with intent to deliver a controlled substance.

¶ 17 Judgment of sentence affirmed. Jurisdiction relinquished.