J-A28029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MAURICE PRINCETON JOHNSON, SR. | |
| Appellant | No. 916 EDA 2014 |

Appeal from the Judgment of Sentence of February 4, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002971-2013

BEFORE: GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 22, 2014**

Maurice Princeton Johnson, Sr. appeals from the judgment of sentence entered February 4, 2014, following his jury conviction of possession with intent to deliver ("PWID")—oxycodone, PWID—alprazolam (Xanax), and possession of drug paraphernalia.[1] We affirm.

The trial court set forth the underlying facts of this case as follows:

On March 1, 2013, Detective Chad Cassel of the [Ambler] Borough Police Department executed a search warrant on a residence located at 27 Orange Avenue, Ambler, Montgomery County. Upon entering the home, the detective observed [Johnson] in the front living room. As a result of the search, Detective Cassel recovered an unlabeled prescription bottle containing 33 smaller green pills together with 51 larger white pills, which were later confirmed to be Oxycodone, 10 milligrams and Oxycodone, 15 milligrams, respectively. This unmarked prescription bottle was found inside a jacket that was hanging up

---

[1] *See* 35 P.S. § 780-113(a)(30), (32).

in arm's reach of [Johnson]. The detective also located another unmarked pill container containing pink pills on the back porch of the residence, underneath a pile of clothes. It was later confirmed that this prescription bottle contained 159 [Xanax] pills. Two cell phones, an iPhone and an HTC cellphone, were also located, for which search warrants were subsequently obtained.

On November 13, 2013, a Suppression Hearing was held. After th[e trial] court stated on the record its findings of fact and conclusions of law, suppression was denied. [Johnson] proceeded to a one-day jury trial on November 19, 2013. [Johnson] was found guilty of the aforementioned charges. Subsequently, on February 4, 2014, with the benefit of a presentence investigation and report, th[e trial] court imposed the following sentence. On the PWID Oxycodone conviction, th[e c]ourt imposed a sentence of 33 months' to 10 years' imprisonment. On the PWID [Xanax] conviction, th[e c]ourt imposed a term of 1 ½ to 10 years' imprisonment. Accordingly, [Johnson's] aggregate sentence is [51] months' to 13 years' imprisonment. A timely post-sentence motion was filed, raising a claim regarding the discretionary aspect[s] of sentencing. The post-sentence motion was denied on March 6, 2014. This timely appeal followed.

Trial Court Opinion ("T.C.O."), 4/21/2014, at 1-2. Pursuant to the trial court's order, Johnson timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 8, 2014. The trial court entered its Pa.R.A.P. 1925(a) opinion on April 21, 2014.

Johnson raises one question for our review: "Are [Johnson's] convictions for possession of a Schedule II or IV controlled substance with intent to deliver supported by legally-sufficient evidence where the Commonwealth failed to present any evidence whatsoever of [Johnson's] non-licensure to possess the particular Schedule II and IV controlled substances giving rise to the offences [sic]?" Johnson's Brief at 4.

In analyzing such claims, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Critically important, we must draw all reasonable inferences from the evidence in favor of the Commonwealth as the verdict-winner. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (citations and quotation marks omitted).

In order to prove the offense of possession with intent to deliver a controlled substance, the Commonwealth must prove beyond a reasonable doubt both that the defendant possessed the controlled substance and had the intent to deliver. When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash. Expert opinion testimony is also admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Commonwealth v. Carpenter*, 955 A.2d 411, 414 (Pa. Super. 2008) (citations and quotation marks omitted).

Here, Johnson argues that "an accused's non-licensure and/or non-registration [is] an essential element of the offence [*sic*] of possessing a controlled substance with intent to deliver" and that "the Commonwealth failed to present any evidence whatsoever relating to Johnson's alleged non-

licensure and non-registration." Johnson's Brief, at 13. Thus, Johnson contends that his PWID convictions are legally insufficient and must be reversed. *Id.* We disagree.

> In [***Commonwealth v.***] ***Sojourner***[, 408 A.2d 1108 (Pa. Super. 1979)], this Court explained that the Commonwealth has the burden of proving every element of a criminal offense beyond a reasonable doubt, but the burden of going forward with evidence of every aspect of a criminal offense need not rest on the Commonwealth from the outset. ***Sojourner***, 408 A.2d at 1113 (citations omitted). With respect to those factors upon which the prosecution must bear the burden of persuasion, the prosecution may shift to the defendant the burden of production, in other words, the burden of going forward with sufficient evidence to justify a reasonable doubt on that issue. ***Sojourner***, 408 A.2d at 1113-14 (citations omitted). "If the defendant's evidence does not cross this threshold, the issue whether it be malice, extreme emotional disturbance, self-defense, or whatever will not be submitted to the jury." ***Id.*** at 1114 (citation omitted). The Court in ***Sojourner*** concluded that, before the prosecution must disprove the accused was authorized to possess narcotics under the [Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-101 *et seq.*], the accused must establish some **credible** evidence of such authorization. ***Id.*** (emphasis added).

***Commonwealth v. James***, 46 A.3d 776, 779-80 (Pa. Super. 2012).

Johnson fails to identify any evidence of record that he made an attempt to establish credible evidence of authorization or licensure of the Oxycodone and Xanax recovered by Detective Cassel. **See** Johnson's Brief at 21-25. At trial, Johnson presented no witnesses or exhibits. **See** Notes of Testimony ("N.T.") Trial, 11/19/2013, at 59-62. Nowhere did he claim that he was authorized to possess Oxycodone or Xanax. **Id.** Thus, Johnson failed to adduce any evidence that would shift the burden to the

Commonwealth to disprove that he was authorized to possess narcotics under the Controlled Substance, Drug, Device and Cosmetic Act. *See James*, 46 A.3d at 779-80. Accordingly, his argument does not merit relief. *See id.* at 780 (affirming judgment of sentence for PWID where "Appellant failed to introduce a prescription, testimony from a prescribing physician, or the actual pill bottle in an effort to support his claim that he was authorized to possess the pills pursuant to the burden shift described in *Sojourner*").

Moreover, the Commonwealth adduced sufficient circumstantial evidence for the jury to conclude that Johnson was not licensed to possess the narcotics at issue. Specifically, Detective Chad Cassel testified that he recovered from Johnson's jacket an unmarked, unlabeled pill container in which he found thirty-three, ten-milligram Oxycodone pills and fifty-one, fifteen-milligram Oxycodone pills, mixed together. N.T. Trial, 11/19/2013, at 16-18, 30. Detective Cassel also recovered an unlabeled bottle containing 159 Xanax pills from Johnson's back porch. *Id.* at 20. No evidence was found regarding a prescription. *Id.* Additionally, the Commonwealth published to the jury evidence of text messages sent by Johnson on March 1, 2013, in which he offered Oxycodone and Xanax for sale in the sizes recovered by Detective Cassel later that day. *Id.* at 50-56.

Furthermore, Detective Erick Echevarria, who was admitted as an expert in drug trafficking and narcotics, testified:

> Q.    Detective, in your expert opinion regarding drug trafficking, what was recovered at [Johnson's] residence, 27 Orange Avenue, the Oxycodone pills, Xanax pills, the unmarked

pill bottles and different milligrams in the same bottle, do you have an opinion that this was possessed for personal use or possessed with the intent to deliver it?

A.    Looking at all the information in this case, the way these are packaged, as well as the text messages that I reviewed, these pills are without a question in my mind intent to deliver.

*Id.* at 56.

The Commonwealth presented Detective Echevarria's expert opinion, along with the evidence of unmarked pill containers, text messages, and the two cell phones, to adduce sufficient evidence of possession with intent to deliver. *See Carpenter*, 955 A.2d at 414. Thus, we agree with the trial court in concluding that "there was more than sufficient circumstantial evidence from which the jury concluded that [Johnson] was not licensed to possess and dispense either Oxycodone and/or [Xanax]." T.C.O. at 6. Johnson's challenge to the sufficiency of the evidence underlying his PWID conviction lacks merit. *See Watley*, 81 A.3d at 113.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014

- 6 -