J-S55007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                         :

             v.                              :
                                         :
                                         :

EDWARD GOSA,                   :
                                         :

              Appellant         :     No. 267 EDA 2018

Appeal from the Judgment of Sentence December 5, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001499-2017

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:            **FILED OCTOBER 22, 2018**

Appellant, Edward Gosa, appeals from the judgment of sentence entered on December 5, 2017.  We affirm.

The trial court ably summarized the underlying facts of this case:

> In February [] 2017, Detective Michael Honicker of the Delaware County District Attorney's Investigation Division (CID) began investigation of Appellant and his residence located at 923 Lamokin Street, Chester, Delaware County, Pennsylvania for the distribution of cocaine.  During the investigation[,] Detective Honicker conducted surveillance outside the residence and saw [Appellant] at the residence.  In addition to the surveillance of the residence, Detective Honicker and a confidential informant conducted a controlled buy at Appellant's residence.  During the surveillance, Detective Honicker had observed Appellant enter and exit the residence.  Additionally during the surveillance, Detective Honicker became aware that Appellant was also known as "Bahir."
>
> Based upon the surveillance of the residence, Detective Honicker applied for a search warrant of Appellant's residence.  On February 23, 2017, Detective Honicker

executed the search warrant. . . . The search warrant was executed with several members of CID; however, no one was located at the residence at the time. During the execution of the search warrant, in the front upstairs bedroom, the officers discovered mail, a Hawaiian Punch box with a security envelope inside on a dresser containing seven [] bags of cocaine, new and unused packaging material and a straw with a scoop. Detective Honicker testified that he immediately recognized that it was cocaine in the seven [] bags. The police also discovered a small bag of marijuana in this bedroom. There was no other contraband found in Appellant's residence.

Appellant and the Commonwealth entered into a stipulation which was read into the record during the bench trial. The stipulation . . . stated that all the bags recovered from the residence were appropriately maintained in custody and control, that the seven bags contained cocaine containing a total of 1.79 grams and that the other bag contained 2.74 grams of marijuana.

Detective Honicker testified that the mail that was found was addressed to Appellant. The police discovered mail addressed to "Bahir" with an address on Henry Avenue in Philadelphia, [Pennsylvania]. There was also mail addressed to "Bahir" with the 923 Lamokin Street address. Detective Honicker was not aware that Appellant had a son and did not know that the son was known as Bahir. Detective Honicker testified that he knew Appellant's street name was "Bahir." This mail was found throughout the residence not just in one room or in the bedroom with the cocaine and paraphernalia that had been discovered. During the execution of the search warrant[,] Appellant's resume was found in the dining room. A review of the resume shows that Appellant listed his address as 923 Lamokin Street, Chester, Delaware County, Pennsylvania.

While searching the dining room, the police observed a .22 caliber rifle in open or plain view by the window. This rifle was submitted to ballistics and it was determined the rifle was operable.

Detective Honicker was qualified as an expert in the area of narcotics investigations, manufacturing, sales distribution,

packaging[,] and deliver[y]. . . . Detective Honicker testified that in his [33] years as a narcotics agent[,] he had seen the bags that were found in Appellant's residence before and in his experience they were [$20.00] bags. The smaller bags, with an apple on them are normally used for packaging cocaine. The seven filled or used bags with the apples are the same as the unused bags that were discovered. Detective Honicker testified that the apple bags were normally used for packing cocaine.

[Detective Honicker testified that, in his] experience[,] persons who use cocaine would not buy their cocaine in all of the small bags that Appellant had in his possession as it is not economical. Detective Honicker explained that it was cheaper and easier to buy the almost [two grams] of cocaine [that Appellant had] in bulk or in a larger bag. Detective Honicker further [testified] that[,] while it is unusual to not buy in bulk[,] it is not unheard of. However, Detective Honicker was clear that a user of cocaine would definitely not have the new and unused [apple] bags . . . unless that person was selling [contraband].

Detective Honicker testified that the straw with a scoop . . . is a scoop that could be used to fill the small cocaine bags. Detective Honicker testified that the scoop spoon was used in lieu of a scale and was not used for snorting cocaine.

Based on his experience, training[,] and the evidence collected in this case, Detective Honicker rendered an opinion that the cocaine seized from Appellant's bedroom was not possessed for his personal use but rather [was] possessed with the intent to distribute. Detective Honicker testified that the cocaine could have been used for personal use; however, the straw and the new and unused bags led him to the conclusion that Appellant was selling the cocaine. . . .

Trial Court Opinion, 2/27/18, at 3-6 (internal citations and some internal capitalization omitted).

At the conclusion of the bench trial, the trial court found Appellant guilty of possession of a controlled substance with the intent to deliver ("PWID") and

persons not to possess a firearm.[1]   On December 5, 2017, the trial court

sentenced Appellant to serve an aggregate term of 16 to 32 months in prison

for his convictions.

Appellant filed a timely notice of appeal and now raises one claim to this

Court:

> Whether the evidence of record in this case was sufficient to prove [Appellant] guilty of [PWID] where the Commonwealth failed to establish beyond a reasonable doubt that the seven packets found in his bedroom were for sale as opposed to his own personal use[?]

Appellant's Brief at 7 (some internal capitalization omitted).

We review Appellant's sufficiency of the evidence claim under the

following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105(a)(1), respectively.

> and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*), *quoting* *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa. Super. 2008).

Appellant claims that the evidence was insufficient to support his PWID conviction because the amount of cocaine recovered was consistent with personal use. Appellant's Brief at 11. This claim fails.

To establish the offense of possession with intent to deliver a controlled substance, the Commonwealth must prove beyond a reasonable doubt that the defendant both possessed a controlled substance and had the intent to deliver it. *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003). In determining whether the defendant had the intent to deliver a controlled substance, courts may consider several relevant factors, including "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash." *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237-1238 (Pa. 2007). Expert opinion testimony may also be admitted to establish "whether the facts surrounding the possession of controlled substances are consistent with [the] intent to deliver rather than with [the] intent to possess [them] for personal use." *Id.* "The expert testimony of a witness qualified in the field of drug distribution, coupled with the presence of drug paraphernalia, is sufficient to

establish intent to deliver." **Commonwealth v. Carpenter**, 955 A.2d 411, 414 (Pa. Super. 2008).

In the case at bar, while it is true that the total amount of cocaine was consistent with personal use, several other factors demonstrated that Appellant possessed the cocaine with the intent to distribute. This evidence includes, first, Detective Honicker's testimony that, during his investigation, he "did controlled buys of cocaine" from Appellant's residence. N.T. Trial, 10/11/17, at 28. Further, when the police executed the search warrant on Appellant's residence, the police recovered a box that contained: cocaine that was divided into seven separate baggies; "new and unused bags for packaging cocaine;" and, a straw converted into a scoop. **Id.** at 31-35. With respect to this evidence, Detective Honicker testified that: the seven baggies of cocaine were equally divided into "$20 bags;" normally, "if [a person is] going to buy cocaine for personal use, [that person is] not going to buy it in" seven separate bags because "[y]ou can get all this in one bag for less money than it would cost you for each of these bags;" the unused baggies had an "apple on the front" and "apple bags" are normally used for packaging cocaine; "you are not going to have new unused bags if you are a user;" the presence of the scoop indicted that Appellant did not have a scale and was using the scoop to "approximat[e] how much to fill a bag" with cocaine; and, the police did not recover any paraphernalia that Appellant could have used to ingest the cocaine. **Id.** at 53-58. Finally, Detective Honicker testified that, in his expert

opinion after viewing the evidence in its totality, Appellant possessed the cocaine with the intent to deliver. *Id.* at 75-76.

Viewed in the light most favorable to the Commonwealth, the above evidence is sufficient to support the trial court's factual finding that Appellant possessed the cocaine with the intent to deliver. *See Ratsamy*, 934 A.2d at 1237-1238. Therefore, Appellant's sufficiency of the evidence claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/18