J-S74025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERCY WILLIAM JOHNS | : | |
| | : | |
| Appellant | : | No. 3605 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 8, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004872-2017

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 21, 2020**

Percy William Johns (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of possession of a controlled substance, possession with intent to deliver a controlled substance (PWID), and possession of drug paraphernalia.[1]  We affirm.

The trial court summarized the facts of this case as follows:

On January 18, 2017, Appellant was pulled over by Officer Waltman and Officer Barag [of the City of Chester Police Department] after the vehicle [Appellant] was driving failed to come to a complete stop at a stop sign and failed to properly use its turn signal.  As part of routine police procedure, the police asked for Appellant's license, registration, and proof of insurance. The police also performed a routine warrant search of [] Appellant through NCIC (National Crime Information Center).  In doing so, the police discovered that Appellant had an active warrant out of the City of Chester.

---

[*] Former Justice specially assigned to the Superior Court.

[1]  35 P.S. § 780-113(a)(16), (30), (32).

After determining that Appellant had an active warrant, police followed standard protocol and asked Appellant to step out of the vehicle. Appellant was then "pat[ted] down" to ensure that he did not have any weapons on his person. Appellant was then transported to the police station. Officer Barag asked Appellant if he had any drugs hidden on his person, as bringing drugs into the jail could result in further charges, after which Appellant advised police that he was in possession of illegal contraband. All of these actions undertaken by police are standard protocol. Police then recovered crack cocaine and $200 on Appellant.

Police declined to charge Appellant with his traffic infractions due to his willingness to act as a police informant. After Appellant's release he engaged in a conversation with Officer Barag regarding the 16 bags of drugs recovered on his person. Appellant advised Officer Barag that the bags were for sale, he usually purchased an "eight ball" (a street term for 3.5 grams of cocaine), and that he broke the drugs down to 3.5 gram bags, which he sold for $10. [However,] Appellant never acted as a police informant, resulting in the aforementioned charges being filed against him.

Trial Court Opinion, 7/30/19, at 2-3 (citations to the notes of testimony omitted).

On October 5, 2018, a jury convicted Appellant of the above-referenced crimes. On November 8, 2018, the trial court sentenced Appellant to an aggregate term of 42 to 84 months of incarceration. This timely appeal followed.

On appeal, Appellant presents the following issues for review:

1. Did the [trial court err] in allowing the Commonwealth to cross-examine [] Appellant on his prior record and to introduce the non-*crimen falsi* prior convictions?

2. Did the [trial court err] in precluding Appellant to present [*sic*] opinion lay witness testimony going to the core of the defense's case?

Appellant's Brief at 1-2.

First, Appellant argues that the trial court abused its discretion in allowing the Commonwealth to cross-examine him about his prior PWID conviction. Appellant contends that evidence of prior crimes is inadmissible if the past crime was not a *crimen falsi*.

We begin with our standard of review:

> "The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion." ***Commonwealth v. Reid***, [] 99 A.3d 470, 493 ([Pa.] 2014). An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. ***Commonwealth v. Davido***, [] 106 A.3d 611, 645 ([Pa.] 2014).

***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015).

Pennsylvania Rule of Evidence 404(b) governs the admissibility of prior bad acts evidence, and provides:

> **(b) Crimes, Wrongs, or Other Acts.**
>
> (1) Prohibited uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

With respect to Rule 404(b), this Court has explained:

"[E]vidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." ***Commonwealth v. Melendez–Rodriguez***, 856 A.2d 1278, 1283 (Pa. Super. 2004). Nevertheless, "[e]vidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." ***Id***. Specifically, other crimes evidence is admissible if offered for a non-propensity purpose, such as proof of an actor's knowledge, plan, motive, identity, or absence of mistake or accident. ***Commonwealth v. Chmiel***, 889 A.2d 501 (Pa. 2005). When offered for a legitimate purpose, evidence of prior crimes is admissible if its probative value outweighs its potential for unfair prejudice. ***Commonwealth v. Hairston***, 84 A.3d 657 (Pa. 2014)[.]

***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa. Super. 2015) (*en banc*) (citations modified).

Prior to his trial, Appellant sought to prevent the Commonwealth from introducing evidence of his prior PWID conviction in its case-in-chief. ***See*** N.T., 10/2/18, at 13-15. The trial court determined that Appellant's past PWID conviction was inadmissible, but explained, "if [Appellant] opens the door[,] I'll consider it and may allow it in. I'll see how he testifies." ***Id.*** at 15.

At trial, the following transpired:

By [The Commonwealth]:

Q. Okay. Did I hear you say that you're a functional crack addict?

A. That's what I -- I function. Like, I can still pay my bills and stuff like that. I'm addicted to crack.

Q. Okay. You're a functioning crack addict if there is such a thing?

- 4 -

A.     Okay.

Q.     And are you also selling that you don't -- are you also saying that you're not a drug dealer?

A.     I'm not a drug dealer.  I'm not -- I ain't say I never sold drugs.  I'm not a drug dealer though.

Q.     Okay.  So you have sold drugs in the past?

A.     Yes.

Q.     Okay.  In fact, you've been convicted of that?

A.     Yes.

Q.     You -- and what drug was that?

A.     Heroin.

Q.     Okay.  So you've sold heroin in the past, but you don't sell crack?

A.     No.

Q.     You don't even sell crack to support your own drug habit?

A.     No.  I work to support my drug habit.

N.T., 10/4/18, at 310-11.

Appellant's defense at trial, in part, was that the drugs that the police found on him were for personal use and not distribution.  *See id.* at 289-300.  Appellant testified in his defense, stating that he was merely a "functional addict," *id.* at 292, and that he was not a "drug dealer," *id.* at 310.  By testifying that he was not a drug dealer, Appellant opened the door for the Commonwealth to introduce evidence of his past PWID conviction.  As this Court has explained, "[a] litigant opens the door to inadmissible evidence by

. . . creat[ing] a false impression refuted by the otherwise prohibited evidence." ***Commonwealth v. Nypaver***, 69 A.3d 708, 716 (Pa. Super. 2013). In this case, Appellant created a false impression by asserting that he was not a "drug dealer," but was instead only a "functional addict" when he in fact had a prior conviction for PWID. **See** N.T., 10/4/18, at 292, 310-11. Based on ***Nypaver***, the Commonwealth could question Appellant about his past PWID conviction to refute the false impression Appellant created with his testimony. **See Nypaver**, 69 A.3d at 716. Therefore, the trial court did not abuse its discretion in allowing the Commonwealth to introduce evidence of Appellant's past conviction of PWID.

Second, Appellant argues that the trial court erred in precluding him from calling two lay opinion witnesses, Tracy Martin (Martin) and Samuel Rhodes (Rhodes), who would have testified about facts related to the "drug scene." Appellant's Brief at 10. Specifically, Appellant asserts that the two witnesses would have testified that the amount of drugs the police found on Appellant was consistent with personal use rather than distribution.

With respect to Martin's testimony, the trial court ruled that Appellant sought to elicit expert testimony, as opposed to lay opinion testimony, from Martin, and he was not qualified to testify as an expert regarding whether the amount of drugs Appellant possessed was consistent with personal use. **See** Trial Court Opinion, 7/30/19, at 5; **see also** N.T., 10/2/18, at 9-10; 12-13. The court stated that it could not conclude that "one's history as a criminal

translates to specialized training in deciphering and understanding the criminal behavior of others." Trial Court Opinion, 7/30/19, at 5.

Our Supreme Court has stated:

Rule 702 of the Pennsylvania Rules of Evidence speaks to the general admissibility of expert testimony where scientific evidence is at issue, and provides that a witness who is qualified as an expert may testify "in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge is beyond that possessed by a layperson; (b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and (c) the expert's methodology is generally accepted in the relevant field." Thus, to be admissible, the expert testimony must be beyond the knowledge possessed by a layperson and assist the trier of fact to understand the evidence or determine a fact in issue.

**Commonwealth v. Walker**, 92 A.3d 766, 780 (Pa. 2014).

We agree with the trial court's assessment that evidence relating to drug distribution, specifically testimony indicating whether or not the amount of a controlled substance possessed by a criminal defendant is consistent with the intent to deliver, requires specialized knowledge beyond that possessed by a layperson. As this Court has repeatedly held, "[**e**]**xpert opinion testimony** is . . . admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." **Commonwealth v. Carpenter**, 955 A.2d 411, 414 (Pa. Super. 2008) (emphasis added; quotations and citation omitted). "The expert testimony of a witness qualified in the field of drug

distribution, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver." **Id.**

Thus, we agree with the trial court's determination that Appellant sought to use Martin to introduce expert testimony relating to drug distribution when Martin was not qualified to do so. Indeed, the record reflects no attempt on the part of Appellant to qualify Martin as an expert witness. **See** N.T., 10/2/18, at 9-10; 12-13. Therefore, the trial court did not abuse its discretion in excluding Martin's testimony. **See Woodard**, 129 A.3d at 494.

Regarding Rhodes' testimony, prior to trial, Appellant's counsel stated that Rhodes was "out of the picture," that he had not "spoken with [Rhodes] at all," and that he did not "have the foggiest idea as to what [Rhodes] might testify to." N.T., 10/2/18, at 9. On that basis, the trial court determined that Rhodes would not testify at trial and Appellant did not contest the court's determination. Consequently, Appellant has waived any appellate claim relating to Rhodes' testimony. **See** Pa.R.A.P. 903(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/20

- 8 -