J-S11021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUDITH SANTIAGO | |
| Appellant | No. 2460 EDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003129-2013

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                **FILED APRIL 18, 2016**

Judith Santiago appeals from the judgment of sentence imposed on March 26, 2014, in the Philadelphia County Court of Common Pleas. Santiago was sentenced to a mandatory minimum term of five to 10 years' imprisonment[1] following her non-jury conviction of one count each of possession of controlled substances (cocaine), and possession with intent to deliver ("PWID") controlled substances (28.96 grams of cocaine).[2]  On appeal, Santiago challenges the legality of her sentence, as well as the weight and sufficiency of the evidence supporting her convictions.  For the

---

[1] **See** 18 Pa.C.S. § 7508(a)(3)(ii) (mandatory minimum five years' imprisonment for possession with intent to deliver 10 to 100 grams of cocaine and a prior drug trafficking offense).

[2] 35 P.S. §§ 780-113(a)(16) and (a)(30), respectively.

reasons below, we vacate the judgment of sentence and remand for resentencing.

The facts underlying Santiago's arrest and conviction are summarized by the trial court as follows:

> On August 25, 2012, Philadelphia Police officers set up surveillance on the corner of Ella and East Cambria streets. The police hid inside of an unmarked police car and observed several men and women approach Janella Baines, Jorge Santiago,[3] and an unidentified male. Baines instructed those who approached to wait by a vacant lot because she believed the cops were watching. Baines then left the lot and approached [Santiago], who was sitting in a lawn chair in front of 234 East Cambria [Street].

> [Santiago] and Baines subsequently entered 234 East Cambria. Shortly thereafter, the police saw [Jorge] enter 234 East Cambria. [Santiago], Baines and [Jorge] exited several minutes later. [Santiago] returned to her lawn chair while Baines spoke briefly with the unidentified male. A woman later approached the unidentified male and handed him money in exchange for small objects while Baines simultaneously gave small objects to another woman in return for money. Several minutes later, another man approached and gave the unidentified male money in exchange for small objects. The unidentified male then entered 234 East Cambria, exited several seconds later, and gave the other man more small objects.

> Based on these observations, the police tried to arrest the unidentified male but were unable to do so. Nor were the police able to arrest the buyers who interacted with the unidentified male. The police were able to arrest [Jorge], but they recovered no drugs from him. The police also arrested Baines and the woman with whom she exchanged. A packet of heroin was retrieved from this woman. Although the police did not recover

_____

[3] The record does not reveal if Jorge Santiago is related to the defendant.

any drugs from Baines, they did recover $360 dollars from her sweatpants.

After the police arrested Baines, they approached [Santiago]. As the police approached, [Santiago] ran up the front steps to 234 East Cambria and tried to lock the door. However, the police were able to arrest her before she locked the door. The police confiscated $533 from her purse.

When the police later executed a warrant on 234 East Cambria, they found 150 vials of crack cocaine on the dining room table. In addition, the police recovered 98 packets of cocaine from a Cheetos's container located behind the living room couch. Although a chemist did not weigh the total weight of the vials, he estimated that one vial weighed 32 milligrams. A narcotics field officer also calculated the total weight of the vials by multiplying the weight of one vial by 150 (the total number of vials) approximating 4800 milligrams (4.8 grams). He opined that [the] 98 packets of cocaine weighed 24.16 grams. According to the narcotics officer, the vials and packets together weighed approximately 28.96 grams. The police also found mail inside of 234 East Cambria addressed to [Santiago]. No mail was found in anyone else's name.

Trial Court Opinion, 2/25/2015, at 2-3 (record citations, footnote and emphasis omitted).

Santiago proceeded to a non-jury trial, and on December 20, 2013, the court found her guilty of the aforementioned charges. Santiago was sentenced on March 26, 2014, to a mandatory minimum term of five to 10 years' imprisonment. She filed a timely post-sentence motion challenging both the imposition of the mandatory minimum sentence under *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013), and the weight of the evidence.

After conducting a hearing on May 28, 2014, and August 27, 2014, the court denied the motion. This timely appeal followed.[4]

Preliminarily, we note Santiago's challenges to both the weight and sufficiency of the evidence are waived because she failed to raise either claim in her court-ordered concise statement.[5] **See** Pa.R.A.P. 1925(b)(4)(vii). "It is well established that an appellant's failure to include claims in the court-ordered 1925(b) statement will result in a waiver of that issue on appeal." **Commonwealth v. Carpenter**, 955 A.2d 411, 415 (Pa. Super. 2008). **Accord Commonwealth v. Riggle**, 119 A.3d 1058, 1070 (Pa. Super. 2015). Accordingly, Santiago's challenges to the weight and sufficiency of the evidence are waived on appeal.

Consequently, the sole issue preserved for our review is a challenge to the legality of her sentence. Santiago argues the imposition of the mandatory minimum sentence herein, based upon the weight of the drugs recovered from her home, is unconstitutional under **Alleyne** and its progeny. **See Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (en banc) ("[A] challenge to a sentence premised upon **Alleyne** …

_____

[4] On September 18, 2014, the trial court ordered Santiago to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Santiago complied with the court's directive, and filed a concise statement on October 9, 2014.

[5] The sole issue set forth in Santiago's concise statement challenges her mandatory minimum sentence. **See** Preliminary Concise Statement of Matters Complained of on Appeal, 10/9/2014.

- 4 -

implicates the legality of the sentence and cannot be waived on appeal."),
*appeal denied*, 121 A.3d 496 (Pa. 2015). For the reasons that follow, we agree.

Preliminarily, however, we must address the Commonwealth's assertion that this claim is also waived. The Commonwealth contends, first, Santiago failed to present a coherent argument in her brief on appeal. Indeed, Santiago asserts she was sentenced under the mandatory minimum at "**18** Pa.C.S. § 9712." **See** Santiago's Brief at 12. We assume Santiago meant to reference **42** Pa.C.S. § 9712, which provides for a mandatory minimum sentence when a defendant commits a crime while in possession of a firearm.[6] However, as the Commonwealth points out, "no handguns were involved" in this case, so Santiago's citation, in any event, is incorrect. Commonwealth's Brief at 12. Moreover, the Commonwealth emphasizes Santiago neglected to include a transcript of the sentencing hearing in the certified record, stating, "[a]ccording to the docket entries, the notes were never ordered." **Id.** Consequently, it asserts "[w]ithout the record, this claim cannot be addressed by the Commonwealth and is unreviewable by this Court." **Id.**

Ordinarily, we would agree with the Commonwealth. An appellant must present this Court with issues that are fully developed and supported

---

[6] Indeed, there is no statute codified at 18 Pa.C.S. § 9712.

by relevant citations, or risk waiver. *See Commonwealth v. Einhorn*, 911 A.2d 960, 970 (Pa. Super. 2006) ("This Court will not become the counsel for an appellant, 'and will not, therefore, consider issues ... which are not fully developed in [the] brief.'") (citation omitted), *appeal denied*, 920 A.2d 831 (Pa. 2007). Moreover, it is the duty of the appellant to request all necessary transcripts, and ensure they are included in the certified record. *See* Pa.R.A.P. 1911(a).

However, here, Santiago's claim implicates the legality of her sentence. As noted above, an *en banc* panel of this Court in *Newman*, specifically held "a challenge to a sentence premised upon *Alleyne* … implicates the legality of the sentence and cannot be waived on appeal." *Newman*, *supra*, 99 A.3d at 90.[7] Therefore, even if Santiago had not

_____

[7] We note the Pennsylvania Supreme Court, by accepting review of two of this Court's prior decisions, appears poised to address whether an *Alleyne* claim constitutes a non-waivable challenge to the legality of a sentence. *See Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super), *appeal granted*, 121 A.3d 433 (Pa. 2015) (granting appeal to consider whether the Superior Court erred as a matter of law when it determined, *sua sponte*, that defendant's mandatory minimum sentence was unconstitutional under *Alleyne*); *Commonwealth v. Barnes*, 105 A.3d 47 (Pa. Super. 2014) (unpublished memorandum), *appeal granted*, 122 A.3d 1034 (Pa. 2015) (granting appeal to consider, *inter alia*, whether an *Alleyne* claim raises a challenge to the legality of sentencing). At this time, however, the holding of our *en banc* panel is binding precedent.

presented the issue on appeal, we could raise the claim *sua sponte*. For that reason, her deficient brief does not compel us to waive this claim.[8]

Furthermore, contrary to the Commonwealth's assertion, Santiago did order the transcript of the sentencing hearing when she filed her notice of appeal. **See** Transcript Order Form, 8/28/2014 (requesting transcription of sentencing hearing held on 3/26/2014). Upon our inquiry regarding the status of the missing notes of testimony, this Court was informed that the court reporter, who was assigned to the hearing, is no longer employed by the First Judicial District of Pennsylvania and "the notes containing the information pertaining to [this] case have not been located." Letter from Brenda Howlett, Administrative Technician, First Judicial District of Pennsylvania, dated 3/16/2016. Therefore, we will not fault Santiago for this clear breakdown in the trial court's processes.

In any event, the trial court explicitly stated in its opinion that Santiago "was sentenced to a mandatory minimum sentence under 18 Pa.C.S. § 7508-Drug Trafficking Sentencing and Penalties." Trial Court

_____

[8] While Santiago certainly cited the wrong mandatory minimum statute in her brief, she referenced the correct statute, 18 Pa.C.S. § 7508, in her post-sentence motion. **See** Post Sentence Motion, 4/7/2014, at ¶ 2. Moreover, she presents a coherent, and proper, argument that many, if not all, of Pennsylvania's mandatory minimum statutes are unconstitutional under **Alleyne**. **See** Santiago's Brief at 10-13. Therefore, a simple scrivener's error does not impede our review.

Opinion, 2/25/2015, at 1 n.1.[9] Further, the court's statement is supported by the Commonwealth's own assertion in the criminal information, that, with respect to the PWID charge, "the Commonwealth will proceed under 18 Pa.C.S. 7508 (relating to mandatory sentencing and penalties for drug trafficking)." Criminal Information, 3/18/2013, at Count 1. Accordingly, the Commonwealth's present feigned inability to address this claim is specious at best.[10] Accordingly, we proceed to a review of Santiago's **Alleyne** claim.

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." **Alleyne**, 133 S.Ct. at 2155 (emphasis supplied). Applying that mandate, this Court, sitting *en banc* in **Newman**, concluded that **Alleyne** rendered the

---

[9] We note the Commonwealth argues this Court may not rely on the trial court's statements in its opinion because the trial court's opinion is "not part of the record." Commonwealth's Brief at 13 n.2. This assertion is misleading. "While a trial court opinion is not part of the **evidentiary** record and cannot be used to add to or contradict evidence in the case, it is part of the certified record under Pa.R.A.P. 1921, and we may consider it in conducting our review." **Commonwealth v. Stewart**, 84 A.3d 701, 710 (Pa. Super. 2013) (emphasis in original), *appeal denied*, 93 A.3d 463 (Pa. 2014).

[10] We also point out the trial court acknowledged the **Alleyne** issue during the post-sentence hearing, and stated it had determined that all of the cocaine found in the house was attributed to Santiago so "that the mandatory that [it] applied was appropriate as it related to the possession with intent to deliver." N.T., 8/27/2014, at 5-6. The Commonwealth did not dispute that Santiago had received a mandatory minimum sentence, nor did it question the propriety of imposing it based on **Alleyne**. **See id.** at 6-7.

mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 unconstitutional because Subsection (c) of that statute permitted the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**. *See* 42 Pa.C.S. § 9712.1(c). Under the reasoning of *Alleyne*, the *Newman* Court explicitly held: "Section 9712.1 can no longer pass constitutional muster." *Newman*, *supra*, 99 A.3d at 98. Significantly, the Court also found the offensive subsection of the statute was not severable, thereby invalidating the sentencing statute as a whole. *Id.* at 101.

Since that decision, this Court has held that mandatory minimum statutes which include the same "proof at sentencing" provisions, permitting the trial court to find determinative factors under a preponderance of the evidence standard at sentencing, are unconstitutional. *See Commonwealth v. Bizzel*, 107 A.3d 102 (Pa. Super. 2014) (applying *Newman* to 18 Pa.C.S. § 6317), *appeal denied*, 126 A.3d 1281 (Pa. 2015); *Wolfe*, *supra*, (invalidating 42 Pa.C.S. § 9718); *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super 2014) (applying *Newman* to 42 Pa.C.S. §§ 9712 and 9713), *appeal denied*, 124 A.3d 309 (Pa. 2015). Relevant to this appeal, an *en banc* panel in *Commonwealth v. Vargas*, 108 A.3d 858, 876-877 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121

A.3d 496 (Pa. 2015), held that the offensive subsection in 18 Pa.C.S. § 7508, the mandatory minimum statute applied *sub judice*, rendered that statute unconstitutional as well.

Here, while recognizing the problem presented by the mandatory minimum sentence it applied, the trial court, nevertheless, contends the sentence it imposed did not contravene the holding in **Alleyne** because the court, sitting as fact-finder, "unequivocally found beyond a reasonable doubt" that Santiago possessed all 28.96 grams of cocaine triggering the application of the statute. Trial Court Opinion, 2/25/2015, at 6. However, this Court has declined to carve out an exception to **Alleyne** when a defendant is convicted in a non-jury trial. **See Bizzel**, **supra**, 107 A.3d at 104 n.2 (vacating mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 6317(b) following non-jury trial as violative of **Alleyne**, finding "[t]he mandate that facts that increase a mandatory minimum are elements of the crime and are required to be proven beyond a reasonable doubt applies in both bench trials and jury trials.").

Indeed, in **Newman**, the *en banc* panel held the mandatory minimum statute, as a whole, was constitutionally invalid because the offensive subsection could not be severed from the remaining subsections. **Newman**, **supra**, 99 A.3d at 101. The **Newman** Court also concluded, "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum

sentences in Pennsylvania following *Alleyne*. We cannot do so." *Id.* at 102. To that end, this Court has rejected any attempt to circumvent the unconstitutionality of the statute by any means short of legislative amendment. *See Valentine*, *supra*, 101 A.3d at 811 (rejecting trial court's attempt to cure *Alleyne* deficiency by asking the jury to determine sentencing factors; "we conclude … that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne*."). Therefore, the fact that Santiago's mandatory minimum sentence was imposed following a bench trial is of no consequence.

Accordingly, although we conclude Santiago waived her challenges to the weight and sufficiency of the evidence, we agree the mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 7508 is illegal. Consequently, we vacate the judgment of sentence, and remand for resentencing without consideration of Section 7508.

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2016

- 11 -