J-S01013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KADEEM SHATIM ALFORD | : | |
| | : | |
| Appellant | : | No. 988 MDA 2016 |

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001237-2015

BEFORE:   GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                  **FILED FEBRUARY 03, 2017**

Appellant, Kadeem Shatim Alford, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his jury trial convictions of one count each of knowing or intentional possession of a controlled substance, delivery of a controlled substance, possession of a controlled substance with the intent to deliver ("PWID"), possession of drug paraphernalia, and criminal use of communication facility.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On April 20, 2015, Ms. Kristin Terry received a text message from an

_____

[1] 35 P.S. § 780-113(a)(16), (a)(30), (a)(32); 18 Pa.C.S.A. § 7512. respectively.

unknown number stating that "Big Blue" (Appellant's alias) had heroin for sale. Ms. Terry and Appellant arranged for the location of the heroin purchase to be in the Domino's Pizza parking lot in the City of Williamsport. Ms. Terry and her female friend drove to meet Appellant for the heroin. When the women arrived and Appellant entered the vehicle, the women asked to sample the heroin.

That same day, the police were informed of an erratic driver traveling along a highway in the City of Williamsport, and that the vehicle had turned into the parking lot of a Domino's Pizza. When the police arrived and approached the vehicle, Captain Jody Miller observed two females, one in the driver seat and the other in the passenger seat, and one male, Appellant, in the rear driver's side seat. The driver, Ms. Terry, had in her hand a hypodermic needle and two blue glassine baggies filled with a substance. Appellant slowly tried to hide the forty-three remaining glassine baggies from Captain Miller, by pushing them into the area between the vehicle's center console and the driver's seat, near Ms. Terry's leg. When Captain Miller saw Appellant's furtive actions, she ordered the passengers to show their hands. Instead, Appellant attempted to escape the vehicle and flee on foot.

Captain Miller apprehended Appellant, arrested him, and searched him. Captain Miller discovered approximately $200.00 in United States currency and two cellular phones. The police never recovered the cellular

phone records of Appellant's phones or Ms. Terry's phone. At trial, the Commonwealth's expert testified that people who sell illegal drugs commonly carry two phones, one for their illegal business and the other for their personal use.

On May 5, 2015, the Commonwealth filed a criminal complaint against Appellant charging him with knowing or intentional possession of a controlled substance, delivery of a controlled substance, PWID, possession of drug paraphernalia, and criminal use of communication facility. A jury trial was held on January 25, 2016. The following day, the jury convicted Appellant of all charges. On March 29, 2016, the court sentenced Appellant to an aggregate term of 33 to 132 months' imprisonment, plus a fine and the costs of prosecution.

On April 8, 2016, Appellant filed a post-sentence motion, challenging the discretionary aspects of his sentence and the sufficiency of the evidence with respect to each of Appellant's convictions. On May 23, 2016, the court denied Appellant relief. Appellant timely filed a notice of appeal on June 16, 2016. On June 28, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on July 18, 2016. On October 26, 2016, counsel filed an **Anders** brief and a petition for leave to withdraw in this Court.

As a preliminary matter, counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

*   *   *

- 4 -

> Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (***See*** Letter to Appellant, dated October 26, 2016). In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Counsel raises the following issues on Appellant's behalf:

> WHETHER AN APPLICATION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED WHERE COUNSEL HAS INVESTIGATED THE POSSIBLE GROUNDS FOR APPEAL AND FINDS THE APPEAL FRIVOLOUS[?]
>
> WHETHER THE COMMONWEALTH PRESENTED SUFFICIENT EVIDENCE TO CONVICT [APPELLANT] OF DELIVERY OF A CONTROLLED SUBSTANCE, CRIMINAL USE OF A COMMUNICATION FACILITY, POSSESSION OF A CONTROLLED SUBSTANCE, AND POSSESSION OF DRUG PARAPHERNALIA[?]

(**Anders** Brief at 6).

Appellant argues the Commonwealth presented insufficient evidence to convict Appellant of each of his convictions, even though the Commonwealth questioned Ms. Terry and Captain Miller regarding the events leading up to Appellant's arrest, and the parties stipulated that the chain of custody of the glassine baggies had not been broken and that the substance in the baggies tested positive for heroin. Appellant concludes the record evidence failed to support each of his convictions. We disagree.

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Controlled Substance, Drug, Device and Cosmetic Act defines the offenses of possession of a controlled substance, delivery of a controlled substance, PWID, and possession of drug paraphernalia, as follows:

**§ 780-113. Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the

manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\* \* \*

(32)  The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

\* \* \*

35 P.S. § 780-113(a)(16), (30), (32).  Additionally, PWID requires the Commonwealth to prove beyond a reasonable doubt that the defendant both possessed the controlled substance and had the intent to deliver:

When determining whether a defendant had the requisite intent to deliver, relevant factors for consideration are the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large sums of cash.  Expert opinion testimony is also admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.  The expert testimony of a witness qualified in the field of drug distribution, coupled with the presence of drug paraphernalia, is sufficient to establish intent to deliver.

*Commonwealth v. Carpenter*, 955 A.2d 411, 414 (Pa.Super. 2008) (internal citations and quotation marks omitted).

Section 7512 of the Pennsylvania Crimes Code defines the offense of criminal use of communication facility in relevant part as follows:

### § 7512.  Criminal use of communication facility

**(a)  Offense defined.**—A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under [The Controlled Substance, Drug, Device and Cosmetic Act].  …

\*    \*    \*

**(c) Definition.**—As used in this section, the term "communication facility" means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail.

18 Pa.C.S.A. § 7512 (a), (c).  "[T]he Commonwealth must prove beyond a reasonable doubt that: (1) [Appellant] knowingly and intentionally used a communication facility; (2) [Appellant] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." *Commonwealth v. Moss*, 852 A.2d 374, 382 (Pa.Super. 2004).  Facilitation has been defined as "any use of a communication facility that makes easier the commission of the underlying felony." *Id.*

Instantly, the trial court provided the following reasoning with regard to Appellant's sufficiency of the evidence issue as follows:

[Appellant] contends the Commonwealth failed to present sufficient evidence to establish that he possessed the controlled substance in question.  At trial Kristin Terry

- 9 -

testified that after receiving a text message from "Big Blue" she was instructed to go to Domino's in Williamsport. Upon arriving at Domino's [Appellant] got into the back seat of her vehicle. When [Ms.] Terry asked to "try the product" [Appellant] handed her two glassine bags. Upon the almost immediate arrival of the police, Ms. Terry testified that [Appellant] placed heroin between the console of her vehicle and her leg. Trooper Miller also testified as to "furtive" actions by [Appellant] in the back seat of the vehicle. This testimony was clearly sufficient for the jury to find that [Appellant] actually possessed the heroin in question.

While for reasons we were simply unable to understand at trial, the arresting officers failed to conduct any investigation with respect to a text message or the cell phones taken from [Appellant]. On the other hand, Ms. Terry clearly testified that she received a text message on a communication facility, and that consistent with that text message [Appellant] got into the back seat of her vehicle. The jury was certainly able to reach the conclusion that it was [Appellant] who sent the text message through the use of a communication facility.

(Trial Court Opinion, filed on May 23, 2016, at 1-2). The record supports the court's analysis. Appellant text messaged Ms. Terry stating he had heroin for sale. Ms. Terry and Appellant arranged for the location of the heroin purchase. When Ms. Terry and her female friend met Appellant, the women asked to sample Appellant's heroin. Shortly after Captain Miller arrived at the scene, Appellant tried to hide the remaining glassine baggies near Ms. Terry's leg. Following Appellant's arrest, Captain Miller discovered two cellular phones on Appellant, which the Commonwealth's expert testified are items consistent with those belonging to a person who sells drugs. Based on the foregoing, the Commonwealth presented sufficient evidence to

support each of Appellant's convictions. ***See Jones, supra***; 35 P.S. § 780-113(a)(16), (30), (32); ***Carpenter, supra***; 18 Pa.C.S.A. § 7512 (a); ***Moss, supra***. Accordingly, we affirm the judgment of sentence, and following our independent review of the record, we grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2017